IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COUNTY OF BUTLER;                              :        No. 2:20-cv-677
COUNTY OF FAYETTE;                             :
COUNTY OF GREENE;                              :
COUNTY OF WASHINGTON;                          :
NANCY GIFFORD and MIKE GIFFORD                 :
husband and wife, d/b/a                        :        Complaint In Civil Action
DOUBLE IMAGE STYLING SALON;                    :        Seeking a Declaratory Judgment
PRIMA CAPELLI, INC., a Pennsylvania            :        and Injunctive Relief
Corporation;                                   :
MIKE  KELLY;                                   :
MARCI MUSTELLO;                                :
DARYL METCALFE;                                :
TIM BONNER;                                     :
STEVEN SCHOEFFEL;                              :
PAUL F. CRAWFORD, t/d/b/a                      :
MARIGOLD FARM;                                 :
CATHY HOSKINS, t/d/b/a                         :
CLASSY CUTS HAIR SALON;                        :
R.W. McDONALD & SONS, INC.,                    :
STARLIGHT DRIVE-IN, INC., a Pennsylvania       :
Corporation; and                               :
SKYVIEW DRIVE-IN, LLC, a Pennsylvania          :
Limited Liability Company,                     :
                        Plaintiffs             :
                                               :
         v.                                    :
                                               :
THOMAS W. WOLF, in his official capacity       :
as Governor of the Commonwealth of             :
Pennsylvania, and                              :
RACHEL LEVINE, MD, in her official             :
capacity as Secretary of the                   :
Pennsylvania Department of Health,             :
                        Defendants             :

## COMPLAINT

## INTRODUCTION

1.      Plaintiffs are the Counties of Butler, Fayette, Greene, and Washington, Pennsylvania,

political subdivisions of the Commonwealth of Pennsylvania; Mike Kelly, an individual residing

in the County of Butler; Daryl Metcalfe, an individual residing in the County of Butler; Marci Mustello, an individual residing in the County of Butler; Tim Bonner, an individual doing business in the County of Butler; Nancy Gifford and Mike Gifford, d/b/a Double Image, Prima Capelli, Inc., Steven Schoeffel, Paul F. Crawford, t/d/b/a Marigold Farm, Cathy Hoskins, t/d/b/a Classy Cuts Hair Salon, and R.W. McDonald & Sons, Inc., Starlight Drive-In, Inc., and Skyview Drive-In, LLC, are all residents of or located within the United States District Court for the Western District of Pennsylvania, and members of the general public, all affected by Orders entered by the Defendants, as detailed herein.

2.     In March through April of 2020, Governor Thomas W. Wolf entered Orders in response to the novel coronavirus outbreak ("COVID-19") pandemic, purportedly to protect Pennsylvania's public health, safety and welfare.

3.     The Governor claimed powers to enact such Orders as set forth under certain Pennsylvania Statutes.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction to hear this case under 28 U.S.C. §§ 1331, 1343(a)(3)(4), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

5.     Venue is proper under 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Plaintiffs' claim occurred in this district.

**PARTIES**

6.      The County of Butler is a Fourth Class County of the Commonwealth of Pennsylvania with general administrative offices located at 124 W. Diamond Street, Butler, Pennsylvania 16001.

7.      The County of Fayette is a Fourth Class County of the Commonwealth of Pennsylvania with general administrative offices located at 61 East Main Street, Third Floor, Uniontown, Pennsylvania, 15401.

8.      The County of Greene is a Sixth Class County of the Commonwealth of Pennsylvania with general administrative offices located at 10 East High Street, Waynesburg, Pennsylvania 15370.

9.      The County of Washington is a Fourth Class County of the Commonwealth of Pennsylvania with general administrative offices located at 100 West Beau Street, Washington, Pennsylvania 15301.

10.      Nancy Gifford and Mike Gifford are husband and wife, adult individuals doing business as Double Image Styling Salon, with an address of 1734 $^1/_2$ North Main Street, Butler, Pennsylvania 16001.

11.      Prima Capelli, Inc., is a Pennsylvania Corporation with a registered address of 1617 North Main Street Extension, Suite B, Butler, Pennsylvania 16001.

12.       Honorable Mike Kelly is a member of the United States House of Representatives representing the 16th Congressional District, with an office address of 101 E. Diamond Street, Suite 210, Butler, Pennsylvania 16001.  Mr. Kelly brings this action as a citizen and not in his representative capacity.

13.     Honorable Marci Mustello is a member of the Commonwealth of Pennsylvania House of Representatives representing the 11th District, with an office address of 100 Barracks Road, Kerven Building, Butler, Pennsylvania 16001.  Ms. Mustello brings this action as a citizen and not in her representative capacity.

14.     Honorable Daryl Metcalfe is a member of the Commonwealth of Pennsylvania House of Representatives representing the 12th District, with an office address of Cranberry Township Municipal Building, 2525 Rochester Road, Cranberry Township, Pennsylvania 16066. Mr. Metcalfe brings this action as a citizen and not in his representative capacity.

15.     Honorable Tim Bonner is a member of the Commonwealth of Pennsylvania House of Representatives representing the 8th District, and an adult individual with an address of 209 West Pine Street, Grove City, Pennsylvania, 16127.  Mr. Bonner brings this action as a citizen and not in his representative capacity.

16.     Steven Schoeffel is an adult individual with an address of 239 Kaufman Road, Evans City, Pennsylvania 16033.

17.     Paul F. Crawford is an adult individual, trading and doing business as Marigold Farm, with an address of 37 Leech Lane, Washington, Pennsylvania, 15301.

18.     Cathy Hoskins is an adult individual, trading and doing business as Classy Cuts Hair Salon, with an address of 1470 East High Street, Waynesburg, Pennsylvania, 15370.

19.     R.W. McDonald & Sons, Inc., is a Pennsylvania Corporation, with an address of 1610 North Main Street Extension, Butler, Pennsylvania, 16001.

20.     Starlight Drive-In, Inc., is a Pennsylvania Corporation, with an address of 151 Spring Run Road, Butler, Pennsylvania, 16001.

21.      Skyview Drive-In, LLC, is a Pennsylvania Limited Liability Company, with an address of P.O. Box 351, Carmichaels, Pennsylvania, 15320.

22.      Defendant Governor Thomas W. Wolf, named in his official capacity ("Defendant Wolf"), is the Governor of the Commonwealth of Pennsylvania and is generally charged with enforcing the laws of the Commonwealth of Pennsylvania, and issued Executive Orders on March 19, 2020, March 20, 2020, and easing up guidance on May 1, 2020.

23.      Defendant Rachel Levine, MD, named in her official capacity ("Defendant Levine"), is the Secretary of the Commonwealth of Pennsylvania Department of Health and is generally charged with enforcing the laws regarding the public health of the Commonwealth of Pennsylvania and its residents, including the COVID-19 Closure Orders at issue in this case.

**FACTS**

24.      On March 19, 2020, Defendant Wolf and Defendant Levine issued an Executive Order which prohibited the operation of all but "life sustaining" businesses throughout the Commonwealth of Pennsylvania ("Business Shutdown Order"). A copy of the Business Shutdown Order is attached hereto as Exhibit "A".  The Defendants Wolf, Levine, and the Secretary of the Department of Community and Economic Development, Dennis M. Davin, have all issued Orders which are in their possession or have been posted to the websites of the Governor's Office and the Office of the Secretary of Health and the Secretary of the Pennsylvania Department of Community and Economic Development, all of which said Orders are in the possession of said Defendants and have been widely circulated and are incorporated herein by reference thereto insofar as they are relevant to the facts set forth in this Complaint.

25.     Defendant Wolf purported to rely upon several different sources, all contained in the Business Shutdown Order, in an effort to justify the action that he took in ordering the shutdown.

26.     Defendant Wolf, as set forth in the Business Shutdown Order, declared the ability to control the movement of residents of the Commonwealth of Pennsylvania, and to order that citizens of the Commonwealth not utilize their private property, without providing the citizens prior notice nor an opportunity to be heard, and without providing just compensation.

27.     The Business Shutdown Order also purports to delegate to Defendant Levine the authority "to determine and employ the most efficient and practical means for the prevention and suppression of disease . . . includ[ing] isolation, quarantine, and any other control measure needed."

28.     The Business Shutdown Order prohibited businesses that Defendant Wolf determined were not "life sustaining" from operation at their physical locations. The Business Shutdown Order provided, in part, "No person or entity shall operate a place of business in the Commonwealth that is not a life sustaining business regardless of whether the business is open to members of the public."

29.     The Business Shutdown Order contained a list of businesses that Defendant Wolf determined were "life sustaining." Defendant Wolf issued a revised list on March 20, 2020, and subsequent revised lists.

30.     A business operating out of compliance of the Business Shutdown Order is subject to fines and penalties, and possible police action, including denial of government assistance and disaster relief.

31.     The Business Shutdown Order did not provide for compensation to the affected business owners as a result of Defendant Wolf's Business Shutdown Order.

32.     The Business Shutdown Order did not provide for prior notice and an opportunity to be heard relative to the mandated shutdown.

33.     On May 1, 2020, Defendant Wolf announced a plan to begin reopening the Commonwealth of Pennsylvania (the "Plan").

34.     Defendant Wolf's Plan involves a phased reopening of Pennsylvania, based upon a variety of factors, but such Plan violates several provisions of the United States Constitution, as set forth herein.

35.     The County of Butler is a political subdivision of the Commonwealth of Pennsylvania and is generally responsible for the governmental operation in its geographic area, including but not limited to operations related to the health, safety, welfare, and economic well-being of its residents.

36.     The County of Fayette is a political subdivision of the Commonwealth of Pennsylvania and is generally responsible for the governmental operation its geographic area, including but not limited to operations related to the health, safety, welfare, and economic well-being of its residents.

37.     The County of Greene is a political subdivision of the Commonwealth of Pennsylvania and is generally responsible for the governmental operation in its geographic area, including but not limited to operations related to the health, safety, welfare, and economic well-being of its residents.

38.     The County of Washington is a political subdivision of the Commonwealth of Pennsylvania and is generally responsible for the governmental operation in its geographic area, including but not limited to operations related to the health, safety, welfare, and economic well-being of its residents.

39.     Plaintiffs Nancy Gifford and Mike Gifford operate a small hairstyling business located in Butler County, Commonwealth of Pennsylvania. Although Plaintiff's business is located within Butler County, many of Plaintiff's customers and/or employees reside outside of Butler County. The Business Shutdown Order issued by Governor Wolf, under the color of state law, continued to restrict such Plaintiffs' right to operate their business partly based upon the geographic location of the business, e.g. Butler County.

40.     Prima Capelli, Inc., operates a small hairstyling business located in Butler County, Commonwealth of Pennsylvania. Although Plaintiff's business is located within Butler County, many of Plaintiff's customers and/or employees reside outside of Butler County. The Business Shutdown Order issued by Governor Wolf, under the color of state law, continued to restrict such Plaintiff's right to operate its business partly based upon the geographic location of its business, e.g. Butler County.

41.     Honorable Mike Kelly, a member of Congress, is a candidate for re-election and is affected by the Orders aforesaid in that the Governor has prohibited door to door campaigning, campaign rallies and other Constitutionally protected activities related thereto.

42.     Honorable Marci Mustello, a member of the Commonwealth of Pennsylvania House of Representatives, is a candidate for re-election and is affected by the Orders aforesaid in that the Governor has prohibited door to door campaigning, campaign rallies and other Constitutionally protected activities related thereto.

43.     Honorable Daryl Metcalfe, a member of the Commonwealth of Pennsylvania House of Representatives, is a candidate for re-election and is affected by the Orders aforesaid in that the Governor has prohibited door to door campaigning, campaign rallies and other Constitutionally protected activities related thereto.

44.     Honorable Tim Bonner, a member of the Commonwealth of Pennsylvania House of Representatives, is a candidate for re-election and is affected by the Orders aforesaid in that the Governor has prohibited door to door campaigning, campaign allies, and other Constitutionally protected activities related thereto.

45.     Steven Schoeffel operates a small horse training and racing business located in Butler County, Commonwealth of Pennsylvania, and races at The Meadows in Washington County, Pennsylvania.  Although Plaintiff's business is located within Butler County, many of Plaintiff's customers and/or employees reside outside of Butler County. The Business Shutdown Order Governor Wolf issued, under the color of state law, continued to restrict such Plaintiff's right to operate his business by virtue of the Governor closing all race tracks.

46.     Paul F. Crawford, t/d/b/a Marigold Farm, is a small market garden business that offers produce and seedlings to its customers.  Although Plaintiff's business is located within Washington County, many of Plaintiff's customers and/or employees reside outside of Washington County.  The Business Shutdown Order issued by Governor Wolf, under the color of state law, continues to restrict such Plaintiff's right to operate his business partly based upon the geographic location of its business; e.g., Washington County, insofar as the Washington County Farmers Market where Mr. Crawford sells his goods was closed by virtue of said actions of the Governor and the Defendants.

47.     Cathy Hoskins operates a small hairstyling business known as Classy Cuts Hair Salon located in Greene County, Commonwealth of Pennsylvania.  Although Plaintiff's business is located within Greene County, many of Plaintiff's customers and/or employees reside outside of Greene County.  The Business Shutdown Order issued by Governor Wolf, under the color of state law, continues to restrict such Plaintiff's right to operate her business partly based upon the geographic location of its business; e.g., Greene County.

48.     R. W. McDonald & Sons, Inc., a Pennsylvania Corporation, operates a furniture and small appliance store in Butler County, Commonwealth of Pennsylvania.  Although Plaintiff's business is located within Butler County, many of Plaintiff's customers and/or employees reside outside of Butler County.  The Business Shutdown Order issued by Governor Wolf, under the color of state law, continues to restrict such Plaintiff's right to operate its business partly based upon the geographic location of its business; e.g., Butler County.

49.     Starlight Drive-In, Inc., is a Pennsylvania Corporation, operating a drive-in theater in Butler County, Pennsylvania.  The owners of the Starlight Drive-In, Inc., were denied the right to permit local churches to deliver Easter and Passover services at the drive-in theater.  However, the said drive-in theater was advised that schools could hold graduation services at the drive-in theater.  Attached hereto and marked as Exhibit "B" is a letter from Ali Doyle of the Office of the Governor.

50.     Skyview DriveIn, LLC, is a Pennsylvania Limited Liability Company, operating a drive-in theater in Carmichaels, Greene County, Pennsylvania, and engaged in showing drive-in movies as well as serving food, such as ice cream and pizza.  The drive-in theater is located across the street from a Dairy Queen drive-in which was authorized to remain open and a pizza restaurant

which likewise was authorized to remain open albeit on a limited basis.  At the same time, the Drive-In theater was not permitted to be open whatsoever and was the recipient of disparate treatment as well as the other constitutional violations asserted.

51.     In an arbitrary and capricious manner, Defendant Wolf has issued guidance concerning an easing of stay at home restrictions for certain counties, which is inconsistent with the available statistical data and health precautions recommended by the United States Center for Disease Control (CDC).

52.     According to Defendant Wolf, Lawrence County, Mercer County, Venango County, and Clarion County, all of which border Butler County, are all to go "yellow", meaning an easing up of the stay at home restrictions.  It is clear that the Coronavirus does not stop at or respect arbitrary boundaries such as County dividing lines.  Further, it is likewise clear that the virus does not stop at State lines.  The County of Greene directly borders the State of West Virginia, which is operating under completely different rules and is widely reported to be operational.  The County of Washington, likewise, is in the immediate proximity of both the States of Ohio and West Virginia, and its citizens travel to and from said States for business, shopping, and necessities.  The edicts of the Governor and Secretary of Health have no relation to nor bearing upon the conduct of business, liberty, and other constitutional rights with respect to the citizens of these counties when entering into the States of Ohio and West Virginia.  That likewise the Plaintiffs, Paul F. Crawford and Cathy Hoskins, are similarly affected due to their location in the Counties of Washington and Greene, respectively.

53.     Plaintiffs Gifford, Prima Capelli, Schoeffel, Crawford, Hoskins, and R.W. McDonald & Sons, Inc.'s, Starlight Drive-In, Inc., and Skyview DriveIn, LLC, business operations are

consistent with similar businesses located in other counties within the Commonwealth of Pennsylvania, such as, Clarion, Mercer, and Lawrence Counties.

54.     However, Defendants Wolf and Levine will continue to prohibit the Plaintiffs from operating their businesses while permitting other similar businesses to operate in other counties within the Commonwealth of Pennsylvania, and, in fact, allows competitor businesses to operate <u>within</u> the same zone.

55.     These Plaintiffs can implement the same safety precautions, policies and procedures that similar businesses located inside or outside of Butler County, Fayette County, Greene County, or Washington County will be permitted to implement in order to resume business operations.

56.     The Business Shutdown Order issued by Defendants Wolf and Levine have been issued pursuant to their alleged authority as Governor and Secretary of Health under Pennsylvania's Emergency Code, 35 P.S. 7301, et. seq. These Orders have not restricted or prohibited travel between counties within the Commonwealth of Pennsylvania.  Likewise, the actions of Secretary Davin are taken under alleged color of law and all of said Orders are enforced by the exercise of his police powers by the Governor and the Secretary of Health through the Pennsylvania State Police and other agents of the Commonwealth.  In addition, the Governor apparently intends to exercise suspects rights to "trace" or "track" citizens of this Commonwealth by the use of Commonwealth employees and to record and make a record of the whereabouts of Pennsylvanians in violation of their constitutional rights.

57.     These Plaintiffs have invested a tremendous amount of financial resources, time and effort into all aspects of their businesses, including, but not limited to, the purchase or lease of equipment, inventory and physical business facilities; advertising; training and hiring of employees; and, customer development, as well as other expenses such as rent or mortgage payments.

58.     In an arbitrary and capricious manner, Defendant Wolf, Defendant Levine, as well as Secretary Davin, have expressed an intention to deprive these Plaintiffs of the economic benefits and use of their property while permitting similar businesses to operate and compete against these Plaintiffs' business.

59.     Defendants' Orders have so deprived these Plaintiffs of the economic benefits and use of their property that the resulting financial impact will adversely impact these Plaintiffs' business for an indefinite period and, unless immediately rescinded, threaten the future viability and sustainability of the businesses.

60.     There is no reasonable or substantial basis between Defendants' Orders permitting one business to operate in a county while prohibiting a similar business from operating in an adjacent county (or even within the same county) when both businesses are capable of implementing the same safety precautions, policies and procedures; are serving customers from multiple counties, including Butler County, Fayette County, Greene County, and Washington County; are located within a short distance of each other; and, are separated solely by the geographic county-lines established within the Commonwealth of Pennsylvania.

61.     These Plaintiffs should not be forced to endure the destruction of their businesses while they are obligated to prove that Defendant Wolf and Defendant Levine have taken these Plaintiffs' private property without the payment of just compensation in violation of the Fifth Amendment of the Constitution of the United States.

62.     Defendants have taken Plaintiff's private property without due process of law.

63.     Plaintiffs County of Butler, County of Fayette, County of Greene, and County of Washington have standing in this action for the following reasons:

      a.     they have an actual injury in that they are not permitted to hold public meetings in which all residents of the County may attend and be heard on important issues of the day;

      b.     all counties will suffer a substantial loss;

      c.     their interest is concrete and particularized in that the injury set forth herein above is actual and ongoing;

      d.     the Governor's Orders, and guidance relative to the easing of the stay at home restrictions, have directly caused Plaintiffs Butler County, Fayette County, Greene County, and Washington County to suffer the harm complained of herein; and,

      e.     the remedy requested herein will be directly redressed by a favorable decision. *Taliaferro v. Darby Township Zoning Board,* F.3d 181 (3d Cir. 2006).

64.     Plaintiffs County of Butler, County of Fayette, County of Greene, and County of Washington have been damaged by the Defendants' Business Shutdown Order because of the impact to tax revenue, and reputation, and the impact upon their citizens as aforesaid.  Such citizens have no access to lawyers or law offices which are likewise closed and rely upon the Counties to protect their interests stated herein.

65.     Plaintiffs, Mike Kelly, Marci Mustello, Daryl Metcalfe, and Tim Bonner, have standing in this action for the following reasons:

-14-

a.    Mike Kelly is a United States Representative and Marci Mustello, Daryl Metcalfe, and Tim Bonner are Commonwealth of Pennsylvania Representatives and as such have an obligation to report to their constituents on matters of public importance;

b.    They are candidates for re-election to the office that they hold;

c.    They are individuals whose freedom to assemble, including their freedom of expressive assembly, is being violated.

66.    These Plaintiffs have standing because the Defendants' Orders have caused the shutdown of Plaintiffs' businesses and caused severe financial hardship and loss of the owners' livelihood and use of property.

## COUNT I

**Plaintiffs Gifford, Prima Capelli, Inc., Schoeffel,
Crawford, Hoskins, and R.W. McDonald & Sons, Inc.,
Starlight Drive-In, Inc., and Skyview DriveIn, LLC**

**v.**

**Defendants**

**VIOLATION OF THE TAKING CLAUSE - 42 U.S.C. § 1983**

67.    All preceding paragraphs are incorporated herein.

68.    The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V.

69.    The Takings Clause generally bars the government from forcing some members of the public from bearing burdens that should be borne by the public as a whole.

70.     The Commonwealth of Pennsylvania, through Governor Wolf's Business Shutdown Order, took property from member of the public, and from some of the Plaintiffs herein, without just compensation.

71.     The taking occasioned by the Business Shutdown Order worked to prohibit the use of citizens' property and, therefore, caused a diminution or loss in value of that property.

72.     The taking in this case was so onerous as to work as a direct appropriation of the property.

73.     Property and business owners who were forced to close their businesses suffered a taking and were, therefore, obligated to bear the cost of government action without just compensation.

74.     The Business Shutdown Order worked to deprive numerous residents, including some of the Plaintiffs herein, of their property interests.

**COUNT II**

**Plaintiffs Gifford, Prima Capelli, Schoeffel,
Crawford, Hoskins, and R.W. McDonald & Sons, Inc.,
Starlight Drive-In, Inc., and Skyview DriveIn, LLC**

**v.**

**Defendants**

**SUBSTANTIVE DUE PROCESS - 42 U.S.C. § 1983**

75.     All previous paragraphs are incorporated herein.

76.     The March 19, 2020, Business Shutdown Order compelled the closure of the physical operations of all business and entities that the Governor deemed to be non-life-sustaining, and threatened criminal prosecution for those who violate the Executive Order.

77.     Governor Wolf established a waiver process to be administered by the Pennsylvania Department of Community and Economic Development (DCED) though which businesses and entities could apply for a waiver to be excluded from the Governor's list of non-life-sustaining businesses.

78.     On Wednesday, April 1, 2020, the DCED announced that it would cease accepting applications for waivers filed after 5:00 PM on April 3, 2020.

79.     In the approximate two-week time period that the DCED was accepting applications for waiver from Defendant Wolf's list of non-life-sustaining businesses, the DCED received some 42,380 applications.

80.     Thousands of waivers have been denied or gone unanswered without hearing and no appeals process has been provided for.  Further, DCED erred in their initial determinations as to what were non-life-sustaining businesses having granted in excess of 7,000 waivers and having also changed industry designations after the Business Shutdown Order became effective.  Evidence of the arbitrary and capricious nature of these decisions (or the simply inappropriate nature of these decisions) can readily be seen with respect to the waiver granted by the Governor and/or Secretary Davin to the Governor's own family-owned business, Wolf Home Products, which was granted a waiver, which waiver was revoked after the waiver was widely publicized in newspapers of general circulation in this Commonwealth, and which business thereafter continued to operate despite the rescinding of said waiver following great publicity regarding the same.

81.     On April 24, 2020, Defendants announced a phased reopening plan using a three-phase matrix and announced that the Business Shutdown Order would be relaxed in some counties within the Commonwealth, not including Plaintiffs' counties, beginning May 8, 2020 (the "April Announcement").

82.     Four of Butler County's neighboring Counties with similar population characteristics will be allowed to partially reopen as of May 8, 2020, but the Counties cannot reopen as the Business Shutdown Order will remain in effect.  Further, as previously stated, the States of West Virginia and Ohio either border or are in proximity to the Counties of Greene and Washington and have either reopened completely or have reopened in a disparate manner with respect to the rights of the citizens of said counties in Pennsylvania.

83.     The Governor announced he is partnering with Carnegie Mellon University to create a data-driven tool to aid in decisions to reopen counties.

84.     The Defendants do not set forth with particularity what factors are considered, and provide citizens no means to challenge or appeal the Governor's decision.

85.     The Defendants' classification of what counties may reopen on May 8, 2020, is arbitrary and capricious.

86.     The Plaintiffs have a protected liberty interest in their right to live without arbitrary governmental interference.

87.     The Plaintiffs have a right to protection from arbitrary action of the government.

88.     Substantive Due Process prevents the government from engaging in conduct that "shocks the conscious" or that interferes with the concept of ordered liberty.

89.     The Business Shutdown Order, and the April Guidelines issued by Defendants, constitute arbitrary, capricious, irrational and abusive conduct that interferes with Plaintiffs' liberty and property interests protected by the due process clause of the Fourteenth Amendment to the United States Constitution.

90.     Defendants' actions constitute official policy, custom and practice of the Commonwealth of Pennsylvania.  Defendants' actions shock the conscience of the citizens of this Commonwealth and of the Court.

91.     Defendants' actions do not comport with the traditional ideas of fair play and decency.

92.     Plaintiffs have the right to pursue lawful employment as they shall determine and be free of governmental interference.

93.     The shutdown is causing citizens of Pennsylvania to lose their jobs, their livelihoods, and their reputations in their communities.

**COUNT III**

**Plaintiffs Gifford, Prima Capelli, Schoeffel,
Crawford, Hoskins, and R.W. McDonald & Sons, Inc.,
Starlight Drive-In, Inc., and Skyview DriveIn, LLC**

**v.**

**Defendants**

**PROCEDURAL DUE PROCESS - 42 U.S.C. § 1983**

94.     All previous paragraphs are incorporated herein.

95.     The Fourteenth Amendment to the United States Constitution forbids a state from depriving anyone of life, liberty, or property without due process of law.

96.     None of the following due process protections have been afforded to Plaintiffs, or any citizen of Butler County, Fayette County, Greene County, or Washington County as required by the United States Constitution:

        a.     the waivers are written and do not permit evaluation by a neutral arbitrator;

        b.     the waiver determination does not provide for an opportunity to be heard;

  c. the waiver determination does not offer an opportunity to present witnesses;

  d. the waiver determination does not permit an opportunity to cross examine witnesses;

  e. the waiver determination does not provide for a reasoned decision; and,

  f. the waiver determination does not provide for an opportunity for an appeal.

97. The Business Shutdown Order, and subsequent April guidance on easing of the stay at home Order provided by Defendants, do not provide due process protections set forth herein.  The Defendants shut down of the appeal process with the DCED, without any explanation, which constitutes an unexplained inconsistency and is arbitrary and capricious.

98. All fundamental rights comprised within the term liberty, including, but not limited to, the rights to be free from bodily restraint, the right to contract and engage in the common occupations of life, the right to acquire useful knowledge, to worship God according to the dictates of ones own conscience, and to generally enjoy the privileges long associated with the rights of free people are guaranteed substantive due process rights under the Fourteenth Amendment.

99. The Governor did permit citizens of the Commonwealth of Pennsylvania to request an exemption to the closure orders through a waiver form.

100. The waiver requests, however, do not comply with due process requirements in that:

  a. the waivers are written and do not permit evaluation by a neutral arbitrator;

  b. the waiver determination does not provide for an opportunity to be heard;

  c. the waiver determination does not offer an opportunity to present witnesses;

d.      The defendants shut down the appeal process with the DCED, violating the rights of business owners to appeal Defendant Wolf's business shut down order or to seek judicial review of any administrative denial of their right to operate;

e.      the waiver determination does not permit an opportunity to cross examine witnesses;

f.      the waiver determination does not provide for a reasoned decision; and,

g.      the waiver determination does not provide for an opportunity for an appeal.

101.    The Business Shutdown Order deprives Plaintiffs, and residents of the Counties of Butler, Fayette, Greene, and Washington of fundamental property rights without due process of law, based solely upon discretion of Defendants, which discretion is not subject to appeal rights.

## COUNT IV

**Plaintiffs**
**v.**
**Defendants**

### VIOLATION OF EQUAL PROTECTION - 42 U.S.C. § 1983

102.    All previous paragraphs are incorporated herein.

103.    The Equal Protection Clause requires governments to act in a rational and non-arbitrary fashion.

104.    Defendants' actions in classifying businesses into "life-sustaining" and "non-life-sustaining" are arbitrary and irrational given that there has never been such a classification of business activity and the Defendants' attempts to classify such categories is nothing more than *ipse dixit*.

105.     Defendants' actions are therefore a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

106.     On May 1, 2020, Governor Wolf announced plans to begin easing stay at home restrictions previously implemented. Said plan would ease the restrictions on some counties, and not others.

107.     The easing of restrictions in some counties, and not in other counties, is not rational and is an arbitrary exercise of Defendant Wolf's executive power.

108.     The Defendants' plan is nothing more than an arbitrary decision-making tool that relies on the speculations of the Defendants.

109.     Defendants' decision not to ease stay at home restrictions on all counties impedes Plaintiffs' fundamental right to use their private property without the government imposing arbitrary or irrational restrictions on the use of the property.

110.     Defendants' actions will cause Plaintiffs to be completely deprived of the use and control of their private property while businesses in other counties will be authorized to operate.

111.     As such, Defendants' intention to not ease the stay at home Order for the County of Butler, County of Fayette, County of Greene, and the County of Washington, but to ease the stay at home Order for other similarly situated Counties, will continue to cause harm to Butler County, Fayette County, Greene County, and Washington County, and the residents thereof, as they will be prohibited from operating their businesses pursuant to the Governor's Business Shutdown Order.

**COUNT V**

**Plaintiffs**

**v.**

**Defendants**

**VIOLATION OF FIRST AMENDMENT - 42 U.S.C. § 1983**

112.    All previous paragraphs are incorporated herein.

113.    The restrictions contained in the Business Shutdown Order limit public gatherings to ten (10) people, and in the next "phase", twenty-five (25) people.

114.    The First Amendment provides protection for freedom of association in the context of expressive association.

115.    Expressive association includes, but may not be limited to, speech, assembly, press, petitioning government for grievances, and the free exercise of religion.

116.    The County of Butler, County of Fayette, County of Greene, and the County of Washington all hold, and are obligated to hold, public meetings in which the public is invited to attend, and does attend, almost always in numbers of more than ten (10) or twenty-five (25) people.

117.    Political representatives, and candidates for political office, often hold meetings, gatherings, town hall discussions, and similar events, in order to discuss matters of general importance, including matters concerning the health, safety, and welfare of members of the community.

118.    Defendants' Business Shutdown Order limiting the number of individuals at public gatherings violates the freedom of association clause inasmuch as expressive advocacy cannot take place because of the Business Shutdown Order, and it affects persons who pose no danger whatsoever to others.

119.    Attending such events, such as political gatherings, public meetings, or similar events is a right protected by the First Amendment and is directly and completely prohibited and/or curtailed by the Business Shutdown Order.

120.    It is of no moment that one might be able to attend these functions via technological tools such as video or audio conference, as not all citizens have access to or own such technology.

121.    That the harm being perpetrated is on-going and will continue or may continue in the future unless enjoined and constitutes significant and various violations of constitutional rights guaranteed by the Constitution of the United States.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor, against Defendants jointly and severally, and seek relief as follows:

(1)    a Declaratory Judgment that issuance and enforcement of the Business Shutdown Orders is unconstitutional for the reasons stated herein, and that the actions of the Defendants are unlawful and unconstitutional;

(2)    a permanent injunction to prohibit Defendants from enforcing the Business Shutdown Order in the manner and fashion engaged by Defendants, the elimination of the arbitrary and capricious "waiver" system;

(3)     a declaration that the rights of the Plaintiffs and the citizens of the Commonwealth

have been violated by the various actions of the Defendants and the said Defendants

are enjoined from engaging in such violations and declaring them to be null and void

ab initio, and in addition thereto with respect to the First Amendment rights of

assembly and worship as provided in the Constitution of the United States of

America;

(4)     award of costs and expenses, including reasonable attorneys' fees under 42 U.S.C.

§ 1983 and 1988; and,

(5)     such other relief as this Court deems appropriate.

DILLON McCANDLESS KING COULTER
& GRAHAM, LLP

By: s/Thomas W. King, III
        Thomas W. King, III, Esquire (21580)
        Ronald T. Elliott, Esquire (71567)
        Thomas E. Breth, Esquire (66350)
        Jordan P. Shuber, Esquire (317823)
        128 West Cunningham Street
        Butler, PA 16001
        (724) 283-2200 (Phone)
        (724) 283-2298 (Fax)

        Email: tking@dmkcg.com
        Email: relliott@dmkcg.com
        E-mail: tbreth@dmkcg.com
        E-mail: jshuber@dmkcg.com

s/Robert Eugene Grimm
Robert Eugene Grimm, Esquire (72205)
Solicitor - County of Greene
183 S. Morris Street
Waynesburg, PA 15370
(724) 627-6166 (Phone)
E-mail: rgrimm@co.greene.pa.us