IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY OF BUTLER, *et al*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THOMAS W. WOLF, *et al*, <br><br> *Defendants*. | Civil Action No. 2:20-cv-677 <br><br> Hon. William S. Stickman IV |

**MEMORANDUM OPINION AND ORDER OF COURT**

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiffs filed a Motion for Speedy Hearing of Declaratory Judgment Action Pursuant to Rule 57 (ECF No. 9). Defendants filed a Response and Brief in Opposition opposing the request for a speedy hearing. (ECF Nos. 12 and 13). On May 27, 2020, the Court conducted oral argument on Plaintiffs' Motion. After carefully considering the parties' arguments, Federal Rule of Civil Procedure 57 and interpreting caselaw, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for a Speedy Hearing consistent with the guidance set forth herein.

### I.   PROCEDURAL HISTORY

On May 7, 2020, Plaintiffs filed a Complaint seeking, *inter alia*, a declaratory judgment that Governor Thomas W. Wolf ("Governor") and the other Defendants violated certain constitutional rights through the issuance of executive orders designed to combat the COVID-19 pandemic. Plaintiffs are comprised of four counties located in Western Pennsylvania, a number

of businesses located in those counties, and individuals who are business owners and elected officials. The Complaint asserts five counts, which are as follows:

    I.      Violation Of The Taking Clause – 42 U.S.C. § 1983;

    II.     Substantive Due Process – 42 U.S.C. § 1983;

    III.    Procedural Due Process – 42 U.S.C. § 1983;

    IV.    Violation Of Equal Protection – 42 U.S.C. § 1983;

    V.     Violation Of First Amendment – 42 U.S.C. § 1983.

(ECF No. 1).

Count I is asserted by Plaintiffs Gifford, Prima Capelli, Inc., Schoeffel, Crawford, Hoskins, R.W. McDonald & Sons, Inc., Starlight Drive-In, Inc., and Skyview DriveIn, LLC. They argue that the Governor's business shutdown order was so onerous as to effectuate a taking of their businesses without just compensation.

Count II is asserted on behalf of Plaintiffs Gifford, Prima Capelli, Schoeffel, Crawford, Hoskins, R.W. McDonald & Sons, Inc., Starlight Drive-In, Inc., and Skyview DriveIn, LLC. These Plaintiffs argue that the Governor's decision to compel the closure of "non-life sustaining" businesses was arbitrary, capricious and interfered with "the concept of ordered liberty." This Count also asserts that the Governor's orders interfere with their "right to pursue lawful employment as they shall determine and be free of governmental interference." Lastly, Count II raises issues with the manner in which Defendants operated a waiver program whereby a "non-life sustaining" business could receive permission to continue operating.

Count III, asserted by Plaintiffs Gifford, Prima Capelli, Schoeffel, Crawford, Hoskins, R.W. McDonald & Sons, Inc., Starlight Drive-In, Inc., and Skyview DriveIn, LLC, focuses on the waiver process, alleging that it violated their right to procedural due process. In short, the

claim alleges that the process of obtaining a waiver was unfair, not transparent and lacked any fair procedure governing the application for a waiver or recourse to challenge the denial of a waiver. Plaintiffs further assert that the process was completely arbitrary and subject solely to the discretion of Defendants. Importantly, Plaintiffs plead, and the parties confirmed during oral argument, that the waiver process is closed, and no new waivers are being granted.

Count IV is brought by all Plaintiffs. It argues that Defendants have violated their right to equal protection in two ways. First, Plaintiffs argue that Defendants' classification of some businesses as "life sustaining" and others as "non-life sustaining" was arbitrary and mere *ipse dixit*. Second, Plaintiffs contend that in the course of Defendants re-opening plan, similarly situated counties and, by extension, their residents, have been arbitrarily treated unequally—with some being able to move to the "yellow" phase before similarly situated counties. At argument, Plaintiffs noted that the same unequal phasing is occurring as some counties move to the "green" phase.

Count V, brought by all Plaintiffs, raises violations of multiple liberties guaranteed by the First Amendment. Plaintiffs assert that the limitations on public gatherings imposed by Defendants violate their right of assembly, freedom of association and free exercise of religion. Specifically, they argue that the limitations on the size of assemblies—present at all stages of the Defendants' plan—impose an undue burden on their rights to hold and attend public meetings, religious worship, political events and other gatherings. Plaintiffs also reject Defendants' contention that the availability of certain alternative electronic means of communication facially precludes any claim of constitutional violations arising out of curtailing actual physical gathering.

On May 20, 2020, Plaintiffs filed their Motion for an expedited hearing under Federal Rule of Civil Procedure 57. Defendants filed their Response on May 26, 2020. Telephonic oral argument was held on May 27, 2020. The narrow question of whether it is appropriate for this Court to expedite determination of Plaintiffs' claim for declaratory relief is ripe for review.

## II.   ANALYSIS

### A) The Court has broad discretion to expedite review of an action under Rule 57.

The Court has broad discretion to determine whether some or all of Plaintiffs' requests for declaratory judgment should be entertained in an expedited fashion.[1] Rule 57 provides, in relevant part, that "[t]he court may order a speedy hearing of a declaratory judgment action." Beyond the general warrant for a district court to permit a speedy hearing, the rule does not provide specific guidance as to the circumstances in which an expedited proceeding will be appropriate. However, district courts have universally held that they have "broad discretion" in deciding whether expedited proceedings are warranted and that this discretion stems from their "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Walsh/Granite JV v. HDR Engineering, Inc.*, 2018 WL 10228391 (W.D. Pa. Jan. 3, 2018). *See also Tri-State Generation and Transmission Association, Inc. v. BNSF Railway Co.*, 2008 WL 2465407 (D. Ariz. June 17, 2008) ("[I]t is within the Court's discretion to order a speedy hearing on Plaintiffs' declaratory judgment claim.").

District courts have looked to various factors when considering whether to expedite proceedings under Rule 57. For example, they have considered whether expediting determination of the requested declaratory judgment "will streamline and narrow issues for

---

[1] A district court has the discretion to exercise jurisdiction over a request for declaratory judgment on an issue by issue basis. *Henglein v. Colt Industries Operating Corp.*, 260 F.3d 201, 210-11 (3d Cir. 2001).

4

discovery and trial, even if it will not entirely resolve the controversy." *Walsh/Granite JV*, at \*1; *Allergan v. Valeant Pharmaceuticals Int., Inc.*, 2014 WL 4181457, \*3 (C.D. Cal. Aug. 21, 2014) ("One factor that a district court may consider is whether declaratory judgment would 'terminate the controversy' or at least substantially narrow the issues." (citations omitted)). Expedited proceedings on a motion for declaratory judgment are appropriate where the determination is largely one of law, and factual issues (while expedited discovery is permitted and frequently granted) are not predominant. *See Summary proceeding and speedy hearing of declaratory judgment action*, 10 Fed. Proc. L. Ed. §23:56 (2020). Finally, as with requests for preliminary injunctive relief, expedited proceedings are especially warranted where there are imminent or ongoing violations of important rights. *See County of Morris v. Nationalist Movement*, 273 F.3d 527 (3d. Cir. 2001).

A request for declaratory relief is not an appropriate avenue to challenge violations of rights that have already occurred. *Corliss v. Obrien*, 200 Fed. Appx. 80 (3d. Cir. 2006). "Nor is declaratory judgment meant simply to proclaim that one party is liable to another." *Id*. at 84-5. *See also ACLU of Massachusetts v. United States Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013) ("With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is not permissible as it would be merely advisory."). The remedy for examining allegations of past violations of constitutional rights and for determining liability and damages for the same is a traditional action for damages under 28 U.S.C. §1983.

The Court applied these considerations as it examined, on a claim by claim basis, whether Plaintiffs' request for an expedited hearing under Rule 57 is appropriate. First, the Court examined whether Plaintiffs' claims lend themselves to declaratory relief, in general. Next the Court explored whether the claims which may lend themselves to declaratory relief should be

afforded an expedited hearing. After considering the allegations set forth in Plaintiffs' Complaint and the parties' respective arguments in relation to the request for expedited proceedings, the Court holds that expedited determination is warranted under Rule 57 on some, but not all, of the claims for declaratory relief asserted in the Complaint.

> ***B) As an initial matter, the movement of the counties where Plaintiffs reside or conduct business from "red" to "yellow" has not rendered their claims moot.***

As a threshold issue, Defendants suggested that many, if not all, of Plaintiffs' claims have been rendered moot by the movement, post-Complaint, of the counties where they reside or conduct business from the "red" to the "yellow" classification phase of the Governor's re-opening plan. They also argue that future, perhaps imminent, movement to the "green" phase will certainly render moot whichever claims remain. Plaintiffs contend that none of their claims relating to the closure of businesses have been rendered moot by their respective counties moving from the "red" phase to the "yellow" phase because of continuing restrictions. For example, even under the "yellow" phase of re-opening, Plaintiffs in the personal care and entertainment sectors remain closed or under severe restriction. Indeed, Plaintiffs argue, and Defendants conceded during oral argument, that restrictions will remain even after their counties move into the "green" phase.

After carefully reviewing the allegations in the Complaint, the Court holds that merely moving from one phase to another, less restrictive phase, will not automatically render moot Plaintiffs' claims relating to the business shutdown or re-opening requirements, nor will it moot their First Amendment claims. To the extent that Plaintiffs can plausibly assert that the continuing restrictions infringe upon protected liberties, they may continue to pursue declaratory relief.

### *C) Declaratory relief is not an appropriate avenue to examine Plaintiffs' Fifth Amendment taking claims.*

Count I of the Complaint claims that the Governor's business shutdown order was, and is, such a substantial interference with Plaintiffs' businesses that it constitutes a taking without just compensation in violation of the Fifth Amendment. While this issue may present a continuing violation of Plaintiffs' constitutional rights, the Court will nevertheless decline to review it through declaratory judgment proceedings.

In *Knick v. Township of Scott, Pennsylvania*, ---U.S.---, 139 S.Ct. 2162 (2019), the Supreme Court held that plaintiffs may bring a takings claim for an illegal taking in federal court before first exhausting state remedies. Under the Supreme Court's recalibration of its jurisprudence on the procedural posture of takings claims, "a property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it." *Id.* at 2167. This would, ostensibly, also apply to claims raising something like a regulatory taking, as the Complaint seems to assert. But, the Supreme Court's decision expressly disclaimed any possibility that a plaintiff could seek injunctive relief to prevent a taking, rather than a claim for just compensation. Chief Justice Roberts, writing for the Court, stated: "Governments need not fear that our holding will lead federal courts to invalidate their regulations as unconstitutional. As long as just compensation remedies are available—as they have been for nearly 150 years—injunctive relief will be foreclosed." *Id.* at 2179.

Here, the declaratory relief sought by Plaintiffs—that the Governor's business shutdown orders effectuated an unconstitutional taking—would be the functional equivalent of injunctive relief. The Supreme Court's decision in *Knick* forecloses such relief. Again, Plaintiffs may have a remedy for the takings that they allege, but declaratory relief is not the appropriate avenue to pursue it.

### D) *Declaratory relief is not appropriate for Plaintiffs' claims challenging the waiver process.*

Count III of the Complaint claims that the process, or lack of process, governing waivers from the Governor's shutdown order violated their right to procedural due process under the Fourteenth Amendment. The parties agree that the process to request and receive a waiver is closed. No new waivers are being granted. Consequently, this issue is not appropriate for review in a declaratory proceeding. Declaratory relief is simply not an appropriate avenue to challenge violations of rights that have already occurred. *Corliss*, *supra*. That is what Plaintiffs are seeking here - a declaration from the Court that Defendants' *prior conduct* in the manner in which they gave, or withheld, waivers violated constitutional rights. However, those violations are in the past, even if the damages incurred from the denial of a waiver may be ongoing. Plaintiffs are not without remedy to challenge certain aspects of the waiver process. But, a declaratory judgment is not the procedural framework to seek that remedy. The Court will not review the waiver issue through Rule 57.

### E) *Expedited proceedings are appropriate on Plaintiffs' claims for declaratory relief challenging violations of their rights under the First and Fourteenth Amendments.*

At Counts II, IV and V, Plaintiffs assert existing and ongoing violations of their rights under the First and Fourteenth Amendments. As to the First Amendment, Plaintiffs allege that Defendants have imposed limitations on gatherings that remain in place (although somewhat relaxed) in the "yellow" phase and will continue to exist to some extent even in the "green" phase. Plaintiffs allege that these limitations infringe on their First Amendment rights of association, free association and free exercise of religion.

Plaintiffs also plead that the Governor's business shutdown order continues to deprive them of substantive due process (including an asserted right to earn a living) and equal protection

8

by imposing unconstitutional limitations on their business operations. They allege that they remain either shut down or severely restricted in their operations by Defendants' actions. Finally, as to the claims under both the First and Fourteenth Amendments, they assert that even under the most relaxed "green" phase publicized by the Governor, they will continue to be subject to restrictions.[2] Thus, Plaintiffs' claims do not merely assert past deprivations of rights, but they allege current and ongoing deprivations of rights. Declaratory relief is an appropriate avenue to seek a remedy for the claims asserted by Plaintiffs at Counts II, IV and V.

Having determined that declaratory relief is an appropriate remedy for Plaintiffs' allegations of existing and ongoing constitutional violations at Counts II, IV and V, the Court further holds that expedited consideration is warranted as to these claims. The First Amendment enshrines the most fundamental rights held by a free people. Expedited review of alleged ongoing infringement of those rights is certainly warranted. Moreover, violations of substantive due process and equal protection that interfere with important or fundamental rights, including the right to operate a legitimate business and/or earn a living, are serious deprivations that could, as Plaintiffs argue, cause continuing, ongoing and perhaps irreparable harm. Expedited review of alleged ongoing infringement of those rights is certainly warranted.[3]

---

[2] Plaintiffs' counsel argued that under the "green" phase, billed as the least restrictive of Defendants' re-opening plan, restrictions will remain on operations of businesses, including substantial limitations on occupancy. Restrictions will also remain on public gatherings for social, political and religious purposes. Defendants' counsel acknowledged during oral argument that these restrictions would remain in the "green" phase and was unable to identify any further phase of re-opening where such restrictions would not exist. In other words, there is no current indication of when and under what standards the citizens of the Commonwealth will be free of restrictions. Those restrictions may, or may not, constitute violations of the Plaintiffs' constitutional rights—that is a question for another day—but there is no question that the restrictions complained of remain in place now and for the foreseeable future.

[3] Unlike proceedings on a request for preliminary injunctive relive, Plaintiffs need not establish immediate and irreparable injury to justify expedited review under Rule 57. However, the

Beyond the interest in providing prompt review for the weighty constitutional issues presented by the Complaint, expedited review is warranted under the practical considerations, discussed above, frequently employed by district courts. At argument, counsel for both sides acknowledged that they do not anticipate the need for extensive discovery and may not need any deposition testimony. Further, an early determination of whether Defendants' actions effectuated violations of Plaintiffs' constitutional rights could streamline the issues remaining for later discovery and determination. Counsel for Defendants acknowledged that expedited examination of the issues presented by Plaintiffs could dispose of them once and for all.

Finally, the Court considered whether an expedited determination would cause undue prejudice to Defendants and determined that it will not. The parties agree that an expedited determination will require only limited discovery, if any. Defendants, through counsel, are familiar with the issues in this action, have sufficient resources and are more than up to the task. While this case is distinct, there is overlap with other cases where Defendants and their counsel have been able to mount a more than adequate defense on an even shorter timetable. While Defendants will not be materially prejudiced by expedited proceedings, if Plaintiffs have correctly alleged constitutional violations, they will be unquestionably prejudiced if these proceedings are not expedited.

---

potential for such harm is a consideration that a district court would be prudent to consider. Plaintiffs have argued that they are experiencing immediate and irreparable harm as a result of Defendants' actions. In addition, federal courts have long held that that the deprivation of constitutional rights—particularly rights enshrined in the First Amendment—is presumed to be irreparable. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 178 (3d Cir. 2002).

### III. CONCLUSION

Plaintiffs' Motion for Speedy Hearing of Declaratory Judgment Action Pursuant to Rule 57 (ECF No. 9) is GRANTED IN PART and DENIED IN PART. The Court holds that expedited proceedings to examine the claims at Counts II, IV and V of Plaintiffs' Complaint are warranted. The Court denies the Motion as to Counts I and III.

Having made this determination, the question remains as to the manner by which these proceedings will be expedited. Contrary to a request for preliminary injunctive relief, the entry of a declaratory judgment is a complete and final order. *See Henglein,* 260 F.3d at 211. As such, the parties are entitled to take the discovery and to create the record needed to support their claims and defenses. The Court has the authority to streamline, limit and shorten the discovery process in a manner best suited to the case at hand. Balancing the need to obtain discovery and to create a record with the interest of expediting the proceedings is a process that works best with collaboration between the parties and the Court. To that end, the Court hereby ORDERS the parties to meet and confer on the following topics:

1) The type and extent of discovery sought by each party. To the extent that discovery is necessary, the Court will issue a case management order with condensed discovery deadlines;

2) Whether the parties are willing and able to create a stipulated factual record in lieu of discovery; and/or

3) Whether the parties prefer to hold an in-person evidentiary hearing or to proceed on a record submitted to the court (either a stipulated factual record or a record comprised of discovery materials and other evidence) along with briefing and oral argument; and,

4) Any other issue relating to the expedited management of these proceedings.

The parties shall file a Status Report of their meet and confer, outlining points of agreement and disagreement, by Monday, June 1, 2020 at 5:00 p.m. If necessary, the Court will conduct a

telephonic status conference on Tuesday, June 2, 2020 at 9:30 a.m. The Court will then issue an order with expedited deadlines for all events relating to the examination and adjudication of Plaintiffs' claims for declaratory relief at Counts II, IV and V.

BY THE COURT:

Dated: May 28, 2020

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE