# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**COUNTY OF BUTLER, *et al.*,**
                                    **Plaintiffs**

                    **v.**

**THOMAS W. WOLF, in his official capacity as Governor of the Commonwealth of Pennsylvania, and RACHEL LEVINE, MD, in her official capacity as Secretary of the Pennsylvania Department of Health,**
                                    **Defendants**

**No. 2:20-CV-677-WSS**

*Complaint Filed 5/7/20*

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

---

Defendants, Thomas W. Wolf and Rachel Levine, MD, through their undersigned counsel, respond to Plaintiffs' Complaint as follows:

1.    It is ADMITTED that the Plaintiffs are who they state.  The remaining averments are DENIED.

2.    DENIED as stated.  It is ADMITTED that in March and April 2020, Governor Wolf entered orders in response to the novel coronavirus outbreak (COVID-19) pandemic, to protect Pennsylvania's public health, safety, and welfare.

3.    DENIED as stated.   By way of further response, the Governor had the power to enact the Orders pursuant to his "supreme executive power" under the

Pennsylvania Constitution, Pa. CONST. art IV, sec. 2, the Commonwealth's inherent police powers, *Friends of Danny DeVito v. Wolf*, 2020 WL 1847100, at *10 (Pa. Apr. 13, 2020), and his authority under the Emergency Management Services Code, 35 Pa.C.S. § 7301(f)(7).

4.     The averments of this paragraph constitute legal conclusions to which no response is required.  To the extent the averments are factual in nature they are denied.

5.     The averments of this paragraph constitute legal conclusions to which no response is required.  To the extent the averments are factual in nature they are denied.

6.     ADMITTED.

7.     ADMITTED.

8.     ADMITTED.

9.     ADMITTED.

10.    Upon information and belief, ADMITTED.

11.    Upon information and belief, ADMITTED.

12.    Upon information and belief, ADMITTED.

13.    Upon information and belief, ADMITTED.

14.    Upon information and belief, ADMITTED.

15.    Upon information and belief, ADMITTED.

16.    Upon information and belief, ADMITTED.

17.    Upon information and belief, ADMITTED.

18.    Upon information and belief, ADMITTED.

19.    Upon information and belief, ADMITTED.

20.    Upon information and belief, ADMITTED.

21.    Upon information and belief, ADMITTED.

22.    It is ADMITTED that Defendant Wolf is the Governor of the Commonwealth of Pennsylvania and that he issued Executive Orders on the dates stated.  The remaining averments constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are denied.

23.    It is ADMITTED that Defendant Levine is Secretary of the Commonwealth of Pennsylvania Department of Health.  The remaining averments constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are denied.

24.    It is ADMITTED that on March 19, 2020, Governor Wolf issued the Executive Order identified as Exhibit A.  That Order is a written document that speaks for itself and Plaintiffs' characterization thereof is DENIED.  The remaining averments are DENIED.

25.    DENIED.  By way of further response, the Governor had the power to enact the Orders pursuant to his "supreme executive power" under the Pennsylvania

Constitution, Pa. CONST. art IV, sec. 2, the Commonwealth's inherent police powers, *Friends of Danny DeVito v. Wolf*, 2020 WL 1847100, at *10 (Pa. Apr. 13, 2020), and his authority under the Emergency Management Services Code, 35 Pa.C.S. § 7301(f)(7).   Additionally, the March 19, 2020, Executive Order is a written document that speaks for itself and Plaintiffs' characterization thereof is DENIED.

26.   DENIED.  By way of further response the March 19, 2020, Executive Order is a written document that speaks for itself.

27.   DENIED.  By way of further response the March 19, 2020, Executive Order is a written document that speaks for itself.

28.   DENIED.  By way of further response the March 19, 2020, Executive Order is a written document that speaks for itself.

29.   DENIED.  By way of further response the March 19, 2020, Executive Order is a written document that speaks for itself.

30.   The averments of this paragraph constitute legal conclusions to which no response is required.  To the extent the averments are factual in nature they are DENIED.

31.   ADMITTED.  By way of further response, as the Executive Order only resulted in a temporary loss of the use of Plaintiffs' property, a regulatory taking did not occur and no compensation was due.  *See e.g. Friends of Danny DeVito v. Wolf*, __ A.3d. __, 2020 WL 1847100, *17 (Pa. April 13, 2020) (citing *Tahoe-Sierra Pres.*

4

*Council Inc. v. Tahoe Reg'l  Planning Agency,* 535 U.S. 302 (2002), *Nat'l Amusements, Inc., v. Borough of Palmyra,* 716 F.3d 57 (3d Cir. 2013).  Additionally, the March 19, 2020, Executive Order is a written document that speaks for itself.

32.   DENIED.  By way of further response, the waiver process afforded Plaintiffs with due process.  *See e.g., Friends of Danny DeVito v. Wolf*, __ A.3d. __, 2020 WL 1847100, *20 (Pa. April 13, 2020).

33.   ADMITTED.

34.   The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

35.   The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

36.   The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

37.   The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

38.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

39.     Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED. The remaining averments constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

40.     Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED. The remaining averments constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

41.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

42.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

43.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

6

44.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

45.     Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED. The remaining averments constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

46.     Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED. The remaining averments constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

47.     Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED. The remaining averments constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

48.     Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED. The remaining averments constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

49.     Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED. By way of further response, Exhibit B is a written document that speaks for itself.

50.     Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED. The remaining averments constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

51.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

52.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.  Defendants lack sufficient information to form a belief as to the truth of the remaining averments contained in this paragraph; therefore, the averments are DENIED.

53.     Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

54.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

55.   Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

56.   The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature, they are DENIED.

57.   Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

58.   The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

59.   The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

60.   The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

61.   The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

62.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are denied.

63.     The averments of this paragraph and its subparts constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

64.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

65.     The averments of this paragraph and its subparts constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

66.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

## COUNT I

**Plaintiffs Gifford, Prima Capelli, Inc., Schoeffel, Crawford,
Hoskins, and R.W. McDonald & Sons, Inc., Starlight Drive-In,
and Skyview Drive-In, LLC v. Defendants**

**Violation of the Taking Clause – 42 U.S.C. §1983**

67.     This is an incorporation paragraph to which no response is required.

10

68.    The averments of this paragraph constitute conclusions of law to which no response is required.

69.    The averments of this paragraph constitute conclusions of law to which no response is required.

70.    The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

71.    The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

72.    The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

73.    The averments of this paragraph constitute conclusions of law to which no response is required. To the extent the averments are factual in nature they are DENIED.

74.    The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

**COUNT II**

**Plaintiffs Gifford, Prima Capelli, Inc., Schoeffel, Crawford,
Hoskins, and R.W. McDonald & Sons, Inc., Starlight Drive-In,
and Skyview Drive-In, LLC v. Defendants**

**Substantive Due Process – 42 U.S.C. §1983**

75.     This is an incorporation paragraph to which no response is required.

76.      The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.  By way of further response, the averments of this paragraph refer to a written document that speaks for itself.

77.     DENIED as stated.  By way of further response, a waiver process was established to provide businesses with an opportunity to challenge the placement of its business on the non-life-sustaining list.  *See e.g., Friends of Danny DeVito v. Wolf*, __ A.3d. __, 2020 WL 1847100, *20 (Pa. April 13, 2020).

78.     ADMITTED.

79.     ADMITTED.

80.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature, they are DENIED.

81.     DENIED as stated.  It is ADMITTED that on April 22, 2020, Governor Wolf presented his detailed plan for reopening Pennsylvania.  That plan is a written document that speaks for itself and Plaintiffs' characterizations thereof are DENIED.

82.     DENIED as stated.  By way of further response, it is ADMITTED that Bradford, Cameron, Centre, Clarion, Clearfield, Clinton, Crawford, Elk, Erie, Forest, Jefferson, Lawrence, Lycoming, McKeon, Mercer, Northumberland, Potter, Snyder, Sullivan, Tioga, Union, Venango, and Warren Counties moved into the "yellow" phase on May 8, 2020, and that the Plaintiff Counties remained in the "red" phase.  Butler, Fayette, Greene, and Washington Counties moved into the "yellow" phase on May 15, 2020.  Defendants lack sufficient information to form a belief as to the truth of the averments related to Ohio and West Virginia; therefore, the averments are DENIED.  The remaining averments constitute legal conclusions to which no response is required.  To the extent the averments are factual in nature, they are DENIED.

83.     ADMITTED.

84.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature, they are DENIED.

85.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

86.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

87.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

88.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

89.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

90.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

91.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

92.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

93.     DENIED.

## COUNT III

**Plaintiffs Gifford, Prima Capelli, Inc., Schoeffel, Crawford, Hoskins, and R.W. McDonald & Sons, Inc., Starlight Drive-In, and Skyview Drive-In, LLC v. Defendants**

**Procedural Due Process – 42 U.S.C. §1983**

94.     This is an incorporation paragraph to which no response is required.

95.     The averments of the paragraph constitute conclusions of law to which no response is required.

96.     The averments of the paragraph and its subparts constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

97.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

98.     The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

99.    ADMITTED.

100.    The averments of the paragraph and its constitute conclusions of law to which no response is required.    To the extent the averments are factual in nature they are DENIED.

101.    The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

## COUNT IV

### Plaintiffs v. Defendants

### Violation of Equal Protection – 42 Pa. U.S.C. § 1983

102.    This is an incorporation paragraph to which no response is required.

103.    The averments of the paragraph constitute conclusions of law to which no response is required.

104.    The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

105.    The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

106.   DENIED as stated.   By way of further response, on May 1, 2020, Governor Wolf announced plans to begin reopening Pennsylvania in a measured way.

107.   The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

108.   The averments of the paragraph constitute conclusions of law to which no response is required.   To the extent the averments are factual in nature they are DENIED.

109.   The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

110.   The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

111.   The averments of the paragraph constitute conclusions of law to which no response is required.   To the extent the averments are factual in nature they are DENIED.

## COUNT V

## Plaintiffs v. Defendants

## Violation of First Amendment – 42 Pa. U.S.C. § 1983

112.   This is an incorporation paragraph to which no response is required.

113.   DENIED as stated.  By way of further response, social gatherings are limited to ten (10) people in the "red" phase and twenty five (25) people in the "yellow" phase.

114.   The averments of the paragraph constitute conclusions of law to which no response is required.

115.   The averments of the paragraph constitute conclusions of law to which no response is required.

116.   Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

117.   Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

118.   The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

119.   The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

120.    Defendants lack sufficient information to form a belief as to the truth of the averments contained in this paragraph; therefore, the averments are DENIED.

121.    The averments of the paragraph constitute conclusions of law to which no response is required.  To the extent the averments are factual in nature they are DENIED.

WHEREFORE, Defendants request that Plaintiffs' request for relief be denied and their Complaint dismissed.

## AFFIRMATIVE DEFENSES

In addition to the denials set forth above, Defendants raise the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred because this Court lacks subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs lack standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Eleventh Amendment Immunity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because declaratory and/or injunctive relief is not available for a Fifth Amendment taking. *Knick v. Township of Scott, Pennsylvania,* ___U.S. ___, 139 S.Ct. 2162 (2019). *See also, Doc. 15.*

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for declaratory relief are barred to the extent they seek relief for past violations of their rights. *Doc. 15.*

## SEVENTH AFFIRMATIVE DEFENSE

The temporary closure of Plaintiffs' physical business locations was a proper exercise of Governor Wolf's police powers. *Friends of Danny DeVito v. Wolf*, ___ A.3d. ___, 2020 WL 1847100, *10 (Pa. April 13, 2020).

## EIGHTH AFFIRMATIVE DEFENSE

The temporary closure of Plaintiffs' physical business locations did not violate Plaintiffs' constitutional rights. *See e.g., Friends of Danny DeVito v. Wolf*, ___ A.3d. ___, 2020 WL 1847100, *24 (Pa. April 13, 2020).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Fourteenth Amendment claim for violation of their substantive due process rights is barred by the more-specific-provision rule.

## TENTH AFFIRMATIVE DEFENSE

20

The waiver process provided appropriate procedural due process.  *See e.g.,* *Friends of Danny DeVito v. Wolf*, __ A.3d. __, 2020 WL 1847100, *20 (Pa. April 13, 2020).

## ELEVENTH AFFIRMATIVE DEFENSE

There is no violation of Plaintiffs' equal protection rights because Plaintiffs' are not similarly situated to the life-sustaining businesses within the same county that were permitted to remain open or to businesses in neighboring counties or states who are subject to different closure restrictions.

## TWELFTH AFFIRMATIVE DEFENSE

There has been no violation of Plaintiffs' First Amendment rights because the restrictions in place are content-neutral time, place, and manner restrictions that serve a legitimate government interest and do not unreasonably limit alternative avenues of communication.  *See e.g., Friends of Danny DeVito v. Wolf*, __ A.3d. __, 2020 WL 1847100, *24 (Pa. April 13, 2020).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants did not deprive Plaintiffs of any right protected by the United States Constitution; 42 U.S.C.A. §1983; or any other state or federal law.

WHEREFORE, Defendants request that Plaintiffs' request for declaratory and injunctive relief be denied and Plaintiffs' Complaint dismissed with prejudice.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   */s/ Karen M. Romano*

KAREN M. ROMANO
Chief Deputy Attorney General
Chief, Litigation Section
Pa. Bar # 88848

Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA  17120
Phone: (717) 787-2717
kromano@attorneygeneral.gov

DATE:  June 5, 2020

## CERTIFICATE OF SERVICE

I, Karen M. Romano, Chief Deputy Attorney General, do hereby certify that I have this day served the foregoing Answer and Affirmative Defenses, via ECF, on the following:

Thomas W. King, III, Esquire
Ronald T. Elliott, Esquire
Thomas E. Breth, Esquire
Jordan P. Shuber, Esquire
DILLON MCCANDLESS KING COULTER & GRAHAM LLP
tking@dmkcg.com
relliott@dmkcg.com
tbreth@dmkcg.com
jshuber@dmkcg.com

Robert Eugene Grimm, Esquire
SOLICITOR OF COUNTY OF GREEN
rgrimm@co.greene.pa.us


*/s/ Karen M. Romano*
_____
KAREN M. ROMANO
Chief Deputy Attorney General


DATE:  June 5, 2020