**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COUNTY OF BUTLER,** *et al.*,<br>                              **Plaintiffs**<br><br>                              **v.**<br><br>**THOMAS W. WOLF, in his official capacity as<br>Governor of the Commonwealth of<br>Pennsylvania, and RACHEL LEVINE, MD, in<br>her official capacity as Secretary of the<br>Pennsylvania Department of Health,**<br>                              **Defendants** | **No. 2:20-CV-677-WSS**<br><br><br>*Complaint Filed 5/7/20* |

---

## DEFENDANTS' RULE 54 MOTION,
## OR IN THE ALTERNATIVE, MOTION TO CERTIFY ISSUES FOR APPEAL

---

Defendants, the Honorable Thomas W. Wolf and the Honorable Rachel Levine, M.D., through their undersigned counsel, respectfully move for an order under Federal Rule of Civil Procedure 54 entering final judgment on all claims, or at minimum, the declaratory judgment claims in the Court's September 14, 2020, Order, and declaring that no just reason exists for a delay in the appeal. In the alternative, Defendants respectfully move for certification of the issues for appeal under 28 U.S.C. § 1292(b).  In support of this Motion, Governor Wolf and Secretary Levine aver the following:

1.      Plaintiffs commenced this action on May 11, 2020 challenging the emergency orders issued by Defendants in response to the COVID-19 pandemic.

2.      This Court granted Plaintiffs' Motion for Speedy Hearing with respect to Counts II (Substantive Due Process), IV (Equal Protection) and V (First Amendment) of the Complaint. The Court denied Plaintiffs' request for a speedy hearing with respect to Count I (Takings) and Count III (Procedural Due Process) but did not dismiss the claims.  *Doc. 15.*

3.     With respect to the takings claim, this Court held that "the declaratory relief sought by Plaintiffs—that the Governor's business shutdown order effectuated an unconstitutional taking—would be the functional equivalent of injunctive relief.  The Supreme Court's decision in [*Knick v. Township of Scott, Pennsylvania*] forecloses such relief."  *Doc. 15* at 7.

4.     Similarly, when addressing the procedural due process claim, this Court held that "this issue is not appropriate for review in a declaratory proceeding.  Declaratory relief is simply not an appropriate avenue to challenge violations of rights that have already occurred.  That is what Plaintiffs are seeking here – a declaration from the Court that Defendants' *prior conduct* in the manner in which they gave, or withheld, waivers violated constitutional rights."  *Doc. 15* at 8 (internal citation omitted) (emphasis in original).

5.     An evidentiary hearing was conducted with respect to the substantive due process, equal protection and first amendment claims on July 17 and 22, 2020, and post-hearing briefs were submitted.

6.     On September 14, 2020, this Court issued an Opinion and Order granting Plaintiffs' request for a declaratory judgment with respect to Counts II, IV, and V.  *Doc. 79-80.*

7.     Specifically, the Court declared (1) that the congregate gathering limits imposed by Defendants' mitigation orders violate the right of assembly enshrined in the First Amendment; (2) that the stay-at-home and business closure components of Defendants' orders violate the Due Process Clause of the Fourteenth Amendment; and (3) that the business closure components of Defendants' orders violate the Equal Protection Clause of the Fourteenth Amendment.

8.      The September 14, 2020, Order did not dispose of Count I or Count III of the Complaint.

9.      In ruling on Plaintiffs' Motion for a Speedy Hearing, *Doc. 9,* this Court held that declaratory relief was inappropriate for the takings and procedural due process claims. *Doc. 15* at 7, 8.

10.     This Court, citing *Knick v. Township of Scott, Pennsylvania*, __ U.S. __, 139 S.Ct. 2162 (2019), recognized that the Supreme Court "expressly disclaimed any possibility that a plaintiff could seek injunctive relief to prevent a taking, rather than a claim for just compensation." *Doc. 15* at 7.

11.     Because Plaintiffs do not seek compensation in this action, the takings and procedural due process claims necessarily fail, and the Court's September 14, 2020, Order resolved all outstanding viable claims.

12.     The Court should enter an order explicitly stating that final judgment has been entered on all claims.

13.     But even if those two claims remain, final judgment should still be entered as to the three counts recently resolved by the Court.

14.     Federal Rule 54(b) provides, in pertinent part, that "[w]hen an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b).

15.     The Supreme Court has set forth the steps a court must take in making determinations under Rule 54(b):  (1) a district court must determine that it is dealing with a

"final judgment" as to the particular claim at issue; (2) having made a finding of finality, the court must then determine whether there is "any just reason for delay." *See Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-9 (1980).

16.     "The entry of a declaratory judgment is a complete and final order." *Doc. 15* at 11 (citing *Henglein v. Colt Ind. Operating Corp.,* 260 F.3d 201, 211 (3d Cir. 2001)).

17.     The Court's entry of declaratory judgment as to Counts II, IV, and V were the ultimate disposition of these claims, and therefore, "final judgments" for purposes of Rule 54(b).

18.     There are no just reasons for delay.

19.     This Court has already determined that the First Amendment, Substantive Due Process, and Equal Protection claims (Counts II, IV, and V) were separable from the remaining claims. *Doc. 15.*

20.     Likewise, this Court has held that declaratory relief was inappropriate for Plaintiffs' Fifth Amendment Taking claim (Count I) and Procedural Due Process claim (Count III). *Id.* at 7-8.

21.     These two groups of claims were so separable that the parties were able to conduct discovery, and the Court was able to conduct an expedited trial, on Counts II, IV, and V.

22.     Delay could cost lives. 194,092 Americans have already died from COVID-19.[1]

23.     Resolving the appellate issues as efficiently as possible with respect to the judgments already entered is paramount to the public.

24.     In the alternative, this Court may certify a decision for immediate interlocutory review if: (1) "such order involves a controlling question of law[;]" as to which there is (2)

---

[1]     "CDC    COVID    Data    Tracker,"    CDC,    https://covid.cdc.gov/covid-data-tracker/#cases_totalcases (last visited 9/16/2020).

"substantial ground for difference of opinion[;]" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

26. A controlling question of law is "every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

26. "Controlling" means "serious to the conduct of the litigation, either practically or legally." *Id.* at 755.

27. The issues resolved by the Court's September 14, 2020, Order could not be more controlling or significant. The ruling immediately affected the Commonwealth's ability to blunt the devastating public health consequences of this disease, and touches the daily lives of 12.8 million Pennsylvanians.

28. Substantial grounds for difference of opinion exist when a court must resolve "'one or more difficult and pivotal questions of law not settled by controlling authority,'" *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)), or where "different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." *Miron v. Seidman*, No. 04–968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006) (emphasis omitted).

29. The extraordinary nature of the COVID-19 pandemic has given rise to divergent and contradictory opinions among the courts. *See Paradise Concepts, Inc. v. Wolf,* No. 20-2161, 2020 WL 5121345, *3 (E.D. Pa., Aug. 31, 2020) (no substantive due process right to operate a business); *Benner v. Wolf*, __ F. Supp. 3d __, 2020 WL 2564920 (M.D. Pa. May 21, 2020) (Plaintiffs unlikely to succeed on First Amendment claim); *Friends of Danny DeVito v. Wolf*, 227 A.3d 872 (Pa. 2020) (no First Amendment violation).

30.     This case presents complex issues of constitutional law. The COVID-19 pandemic is unprecedented, requiring strong action by the Commonwealth to protect the lives and health of the public. These are precisely the type of controlling legal issues where interlocutory review is warranted. *See, e.g., In re Trace Int'l Holdings, Inc.*, No. 04-1295, 2009 WL 3398515, at *3 (S.D.N.Y. Oct. 21, 2009) ("Courts have certified orders for interlocutory appeal when the issues they raise are difficult and novel") (internal quotation and citation omitted); *In re Enron Creditors Recovery Corp.*, No. 01-16034, 2009 WL 3349471, at *6 (S.D.N.Y. Oct. 16, 2009) ("When a controlling question of law presents an issue of first impression, permission to appeal is often granted").

31.     Appellate review of the issues for which Defendants seek certification will "materially advance the ultimate termination of the litigation" and will not cause unnecessary delay.

32.     The contents of this motion have been disclosed to Plainitffs' counsel, and they do not concur.

WHEREFORE, the Court should enter final judgment as to all claims, or at minimum, as to the three claims resolved in the September 14, 2020, Order and declare that no just reason exists for delay. In the alternative, Defendants move the Court to certify the following three questions:

(1)   Whether the congregate gathering limits imposed by Defendants' mitigation orders violate the First Amendment right of assembly;

(2)   Whether the stay-at-home and business closure components of Defendants' orders violate the Due Process Clause of the Fourteenth Amendment; and

(3)   Whether the business closure components of Defendants' orders violate the Equal Protection Clause of the Fourteenth Amendment.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:      */s/ Karen M. Romano*

KAREN M. ROMANO
Chief Deputy Attorney General
Chief, Litigation Section
Pa. Bar # 88848

Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA  17120
Phone: (717) 787-2717
kromano@attorneygeneral.gov

DATE:  September 16, 2020

## CERTIFICATE OF SERVICE

I, Karen M. Romano, Chief Deputy Attorney General, do hereby certify that I have this day served the foregoing Defendants' Rule 54 Motion, or in The Alternative, Motion to Certify Issues for Appeal, via ECF, on the following:

Thomas W. King, III, Esquire
Ronald T. Elliott, Esquire
Thomas E. Breth, Esquire
Jordan P. Shuber, Esquire
DILLON MCCANDLESS KING COULTER & GRAHAM LLP
tking@dmkcg.com
relliott@dmkcg.com
tbreth@dmkcg.com
jshuber@dmkcg.com

Robert Eugene Grimm, Esquire
SOLICITOR OF COUNTY OF GREEN
rgrimm@co.greene.pa.us

/s/ Karen M. Romano

KAREN M. ROMANO
Chief Deputy Attorney General

DATE:  September 16, 2020