# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COUNTY OF BUTLER,** *et al.*,<br>　　　　　　**Plaintiffs**<br><br>　　　v.<br><br>**THOMAS W. WOLF, in his official capacity as<br>Governor of the Commonwealth of<br>Pennsylvania, and RACHEL LEVINE, MD, in<br>her official capacity as Secretary of the<br>Pennsylvania Department of Health,**<br>　　　　　　**Defendants** | **No. 2:20-CV-677-WSS**<br><br><br>*Complaint Filed 5/7/20* |

## BRIEF IN SUPPORT OF DEFENDANTS' RULE 54 MOTION, OR IN THE ALTERNATIVE, MOTION TO CERTIFY ISSUES FOR APPEAL

Defendants, the Honorable Thomas W. Wolf and the Honorable Rachel Levine, M.D., through their undersigned counsel, respectfully move for an order under Federal Rule of Civil Procedure 54 entering final judgment on all claims, or at minimum, the declaratory judgment claims in the Court's September 14, 2020 Order, and declaring that no just reason exists for a delay in the appeal. In the alternative, Defendants respectfully move for certification of the issues for appeal under 28 U.S.C. § 1292(b). This brief is submitted in support thereof.

### RELEVANT PROCEDURAL HISTORY

On May 11, 2020, Plaintiffs commenced this action alleging that the March 19, 2020, Business Closure Orders issued by Governor Wolf and Secretary Levine, which directed all non-life-sustaining businesses in Pennsylvania to temporarily close their physical locations, were not a proper exercise of the Commonwealth's police powers and that the orders violate various rights granted to Plaintiffs under the United States Constitution. Plaintiffs further allege that the Commonwealth's reopening plan violates their rights. *Doc. 1.* Plaintiffs filed a Motion for

Speedy Hearing, which was granted on May 28, 2020, with respect to Counts II (Substantive Due Process), IV (Equal Protection) and V (First Amendment) of the Complaint. *Doc. 15.* In that order, this Court determined that declaratory relief was an inappropriate avenue to examine Counts I (Taking) and III (Procedural Due Process) but did not explicitly dismiss these claims. *Id.*

Following a two-day hearing and extensive briefing by the parties, Counts II, IV and V were submitted to the Court for a decision. On September 14, 2020, the Court issued an opinion and order granting a declaratory judgment to the political and business plaintiffs[1] and dismissing the County Plaintiffs.[2] *Doc. 79-80.* Specifically, this Court declared the following:

> (1)   that the congregate gathering limits imposed by Defendants' mitigation orders violate the right of assembly enshrined in the First Amendment;
>
> (2)   that the stay-at-home and business closure components of Defendants' orders violate the Due Process Clause of the Fourteenth Amendment; and
>
> (3)   that the business closure components of Defendants' orders violate the Equal Protection Clause of the Fourteenth Amendment.

Doc. 80. This order did not dispose of Count I or Count III of the Complaint.[3]

---

[1]   The term "Political Plaintiffs" refers to Mike Kelley, Daryl Metcalfe, Marci Mustello, and Tim Bonner.  The term "Business Plaintiffs" refers to Nancy Gifford and Mike Gifford d/b/a Double Image Styling Salon, Prima Capelli, Inc., Steven Schoeffel, Paul Crawford t/d/b/a Marigold Farm, Cathy Hoskins t/d/b/a Classy Cuts Hair Salon, R.W. McDonald & Sons, Inc., Starlight Drive-In Inc., and Skyview Drive-In LLC.  Defendants note that Plaintiff Crawford did not present any evidence in this matter.

[2]   The term "County Plaintiffs" refers to the County of Butler, County of Fayette, County of Greene, and County of Washington.

[3]   In so far as this Court intended to enter a final judgment on all claims, this motion is a mechanism for making that original intent explicit.

## ARGUMENT

**I.     The Court Should Enter Final Judgment on the Declaratory Judgment Claims Adjudicated in its September 14, 2020, Order.**

Plaintiffs' complaint sought only declaratory and injunctive relief. *Doc. 1.* In ruling on Plaintiffs' Motion for a Speedy Hearing, *Doc. 9,* this court held that declaratory relief was inappropriate for the takings and procedural due process claims. *Doc. 15* at 7, 8. Moreover, this Court, citing *Knick v. Township of Scott, Pennsylvania*, __ U.S. __, 139 S.Ct. 2162 (2019), recognized that the Supreme Court "expressly disclaimed any possibility that a plaintiff could seek injunctive relief to prevent a taking, rather than a claim for just compensation." *Doc. 15* at 7. Because Plaintiffs do not seek compensation in this action, the takings and procedural due process claims necessarily fail. The Court's September order resolved all outstanding viable claims. The Court should enter an order explicitly stating that final judgment has been entered on all claims.

But even if those two claims remain, final judgment should still be entered as to the three counts recently resolved by the Court. Federal Rule 54(b) provides, in pertinent part, that "[w]hen an action presents more than one claim for relief-whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). The Supreme Court has set forth the steps a court must take in making determinations under Rule 54(b). *See Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8-9 (1980).

First, a district court must determine that it is dealing with a "final judgment" as to the particular claim at issue. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of

3

an individual claim entered in the course of a multiple claims action." *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)). Having made a finding of finality, the court must then determine whether there is "any just reason for delay." *Id.* at 8. In deciding that there is no just reason for delay, the district court must "tak[e] into account judicial administrative interest as well as the equities involved." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012) (citing *Curtiss-Wright Corp v. Gen Elec. Co.*, 446 U.S. 1, 7-8 (1980)) (internal quotations omitted).

*First*, as this Court recognized in its May 28, 2020, order, "the entry of a declaratory judgment is a complete and final order." *Doc. 15* at 11 (citing *Henglein v. Colt Ind. Operating Corp.*, 260 F.3d 201, 211 (3d Cir. 2001)). The Court's entry of declaratory judgment as to Counts II, IV, and V were the ultimate disposition of these claims, and therefore, "final judgments" for purposes of Rule 54(b).

*Second*, there are no just reasons for delay. Courts generally consider the following non-exhaustive criteria in making this evaluation:

(1) the relationship between the adjudicated and unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obligated to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim that could result in a set-off against the judgment now sought to be made final and appealed; and

(5) miscellaneous factors such as delay, economic solvency considerations, shortening the time of trial, frivolity of competing claim, expense, and the like.

*Berkeley Inv. Group v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006).

These factors weigh in favor of granting Defendants' motion. The Court decided in its May 28, 2020, order that the First Amendment, Substantive Due Process, and Equal Protection claims (Counts II, IV, and V) were separable from the remaining claims. *Doc. 15*. As stated in that order, declaratory relief was inappropriate for Plaintiffs' Fifth Amendment Taking claim (Count I) and Procedural Due Process claim (Count III). *Id.* at 7-8. These two groups of claims were so separable that the parties were able to conduct discovery, and the Court was able to conduct a speedy hearing, on Counts II, IV, and V.

Furthermore, future developments in this Court will not moot the need for review on the adjudicated claims, as final judgment has been entered. For the same reason, there is no risk that the appellate court will have to review the same issues twice. There are no counterclaims. And finally, delay here could cost lives. 194,092 Americans have already died from COVID-19.[4] Resolving the appellate issues as efficiently as possible with respect to the judgments already entered is paramount to the public.

The Court should direct entry of final judgment as there is no just reason for delay of an appeal.

## II.    In the Alternative, the Court Should Certify the Issues for Immediate Appeal.

This Court may certify a decision for immediate interlocutory review if: (1) "such order involves a controlling question of law[;]" as to which there is (2) "substantial ground for difference of opinion[;]" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). As set forth below, this

---

[4]     "CDC    COVID    Data    Tracker," CDC,    https://covid.cdc.gov/covid-data-tracker/#cases_totalcases (last visited 9/16/2020).

Court's September 14, 2020, order readily satisfies each of these criteria. Accordingly, Defendants move the Court to certify the following three questions:

> (1) whether the congregate gathering limits imposed by Defendants' mitigation orders violate the First Amendment right of assembly;
>
> (2) whether the stay-at-home and business closure components of Defendants' orders violate the Due Process Clause of the Fourteenth Amendment; and
>
> (3) whether the business closure components of Defendants' orders violate the Equal Protection Clause of the Fourteenth Amendment.

### A.    These Purely Legal Issues Are Appropriate For Interlocutory Review.

For purposes of § 1292(b), a controlling question of law is "every order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). "It is not required that reversal of the order terminate the litigation or that the order be on the claim's merits." *Meyers v. Heffernan*, 12-2434, 2014 WL 7336792, at *4 (D.N.J. Dec. 22, 2014). "Controlling" means "serious to the conduct of the litigation, either practically or legally." *Katz*, 496 F.2d at 755.

The issues resolved by the Court's September 14, 2020 Order could not be more controlling or significant. The Court's Order enters judgment in favor of Plaintiffs on three claims. It immediately affected the Commonwealth's ability to blunt the devastating public health consequences of this disease, and touches the daily lives of 12.8 million Pennsylvanians. Immediate resolution of these issues will have a controlling effect on this action.

### B.    There are substantial grounds for difference of opinion.

Substantial grounds for difference of opinion exist when a court must resolve "'one or more difficult and pivotal questions of law not settled by controlling authority,'" *Knipe v.*

*SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)), or where "different courts have issued conflicting and contradictory opinions when interpreting a particular question of law." *Miron v. Seidman*, No. 04–968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006) (emphasis omitted). This element of the § 1292(b) test is met "when there is genuine doubt or conflicting precedent as to the correct legal standard applied in the orders at issue." *Bush v. Adams*, 629 F. Supp. 2d 468, 478 (E.D. Pa. 2009).

The extraordinary nature of the COVID-19 pandemic has given rise to divergent and contradictory opinions among the courts. This Court noted that the Middle District of Pennsylvania ruled incongruently on the applicable level of constitutional scrutiny attendant to review of the Governor's responses to the pandemic in *Benner v. Wolf*, __ F. Supp. 3d __, 2020 WL 2564920 (M.D. Pa. May 21, 2020), and that the Supreme Court of Pennsylvania has also ruled differently, in *Friends of Danny DeVito v. Wolf*, 227 A.3d 872 (Pa. 2020). *Doc. 79* at 21, fn 13. However, the Eastern District also held that there is no substantive due process right to operate a business, *Paradise Concepts, Inc. v. Wolf,* No. 20-2161, 2020 WL 5121345, *3 (E.D.Pa., Aug. 31, 2020), directly conflicting with this Court's decision. These divergent rulings demonstrate a substantial ground for difference of opinion that must be resolved by the Third Circuit.

Moreover, this case presents complex issues of constitutional law. The COVID-19 pandemic was unprecedented, requiring strong action by the Commonwealth to protect the lives and health of the public. These are precisely the type of controlling legal issues where interlocutory review is warranted. *See, e.g., In re Trace Int'l Holdings, Inc.*, No. 04-1295, 2009 WL 3398515, at *3 (S.D.N.Y. Oct. 21, 2009) ("Courts have certified orders for interlocutory

appeal when the issues they raise are difficult and novel.") (internal quotation and citation omitted); *In re Enron Creditors Recovery Corp.*, No. 01-16034, 2009 WL 3349471, at *6 (S.D.N.Y. Oct. 16, 2009) ("When a controlling question of law presents an issue of first impression, permission to appeal is often granted.").

      **C.**      **Interlocutory review will materially advance the ultimate termination of this litigation.**

Finally, appellate review of the issues for which Defendants seek certification will "materially advance the ultimate termination of the litigation." A critical factor is whether the interlocutory appeal will cause excessive delay. *See Hulmes v. Honda Motor Co., Ltd.*, 936 F.Supp. 195, 211 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998).

This Court has already made the determination that resolution of these claims will expediate the ultimate resolution of this case. In its May 28, 2020, Order, this Court recognized that a primary factor for granting expedited proceedings was "whether declaratory judgment would terminate the controversy or at least substantially narrow the issues." *Doc. 15* at 5 (internal quotation marks omitted). It expedited hearing of these claims. The appeal should be expeditated for the very same reasons.

**CONCLUSION**

The Court should enter final judgment as to all claims, or at minimum, as to the three claims resolved in the September 14, 2020, Order and declare that no just reason exists for delay. In the alternative, the Court should certify the issues for immediate appeal.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:     */s/ Karen M. Romano*
        _____

        KAREN M. ROMANO
        Chief Deputy Attorney General
        Chief, Litigation Section
        Pa. Bar # 88848

Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA  17120
Phone: (717) 787-2717
kromano@attorneygeneral.gov

DATE:  September 16, 2020

## CERTIFICATE OF SERVICE

I, Karen M. Romano, Chief Deputy Attorney General, do hereby certify that I have this

day served the foregoing Brief in Support of Defendants' Rule 54 Motion or in the Alternative,

Motion to Certify Issues for Appeal via ECF, on the following:

Thomas W. King, III, Esquire
Ronald T. Elliott, Esquire
Thomas E. Breth, Esquire
Jordan P. Shuber, Esquire
DILLON MCCANDLESS KING COULTER & GRAHAM LLP
tking@dmkcg.com
relliott@dmkcg.com
tbreth@dmkcg.com
jshuber@dmkcg.com


Robert Eugene Grimm, Esquire
SOLICITOR OF COUNTY OF GREEN
rgrimm@co.greene.pa.us



*/s/ Karen M. Romano*

KAREN M. ROMANO
Chief Deputy Attorney General


DATE:  September 16, 2020