# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COUNTY OF BUTLER,** *et al.*,<br>      **Plaintiffs**<br><br>v.<br><br>**THOMAS W. WOLF, in his official capacity as Governor of the Commonwealth of Pennsylvania, and RACHEL LEVINE, MD, in her official capacity as Secretary of the Pennsylvania Department of Health,**<br>      **Defendants** | **No. 2:20-CV-677-WSS**<br><br>*Complaint Filed 5/7/20* |

## DEFENDANTS' MOTION TO STAY SEPTEMBER 14, 2020, ORDER

Defendants, the Honorable Thomas W. Wolf and the Honorable Rachel Levine, M.D., through their undersigned counsel, hereby move for a stay pending appeal of this Honorable Court's Order entered on September 14, 2020, granting declaratory judgment in Plaintiffs' favor, and in support thereof aver the following:

1.  Plaintiffs commenced this action on May 11, 2020 challenging the emergency orders issued by Defendants in response to the COVID-19 pandemic.

2.  This Court granted Plaintiffs' Motion for Speedy Hearing with respect to Counts II (Substantive Due Process), IV (Equal Protection) and V (First Amendment) of the Complaint. *Doc. 15*.

3.  An evidentiary hearing was conducted on July 17 and 22, 2020, and post-hearing briefs were submitted.

4.  On September 14, 2020, this Court issued an Opinion and Order granting Plaintiffs' request for a declaratory judgment. *Doc. 79-80.* Specifically, the Court declared (1) that the congregate gathering limits imposed by Defendants' mitigation orders violate the right of

assembly enshrined in the First Amendment; (2) that the stay-at-home and business closure components of Defendants' orders violate the Due Process Clause of the Fourteenth Amendment; and (3) that the business closure components of Defendants' orders violate the Equal Protection Clause of the Fourteenth Amendment.

5. Contemporaneous with this motion, Defendants filed a Rule 54 Motion, or in the alternative, Motion to Certify Issues for Appeal to the United States Court of Appeals, and now request this Honorable Court to issue a stay of the declaratory judgment pending that appeal.

6. "[T]ribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 844-45 (D.C.Cir.1977). *See also Robertshaw v. Pudles*, 2014 WL 1976890, at *2 (E.D. Pa. May 15, 2014).

7. When ruling on a motion for stay pending appeal, the Court must balance the equities and consider the following factors: (1) whether movant will likely prevail on the merits of the appeal; (2) whether movant will suffer irreparable harm if the stay is denied; (3) whether other parties will not be substantially harmed by the stay; and (4) whether the public interest will be served by granting the stay. *Harris v. Pernsley*, 654 F.Supp. 1057, 1059 (E.D. Pa. 1987); *see also Republic of the Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

8. "The success on the merits factor does not require a court, which has just rendered its assessment and decided the merits [], to determine that it was probably in error; rather, what is necessary is a reasonable *possibility* that the Court was in error." *First Amendment Coal. v. Judicial Inquiry & Review Bd.*, 584 F. Supp. 635, 637-38 (E.D. Pa. 1984) (emphasis added).

9. A stay is appropriate where there are novel legal issues requiring "essentially untested constitutional analysis." *Id.* at 638.

10. The facts in this case were born from an unprecedented "public health emergency," and "governments around the world have grappled with how they can intervene in a manner that is effective to protect their citizens from getting sick and, specifically, how they can protect their healthcare systems from being overwhelmed from an onslaught of cases." *Doc. 79* at 1, 65.

11. Other courts within the Third Circuit and the Pennsylvania Supreme Court have held that the Orders did not infringe on constitutional protections. *See Paradise Concepts, Inc. v. Wolf,* No. 20-2161, 2020 WL 5121345, *3 (E.D. Pa., Aug. 31, 2020) (no substantive due process right to operate a business); *Benner v. Wolf*, __ F. Supp. 3d __, 2020 WL 2564920 (M.D. Pa. May 21, 2020) (Plaintiffs unlikely to succeed on First Amendment claim); *Friends of Danny DeVito v. Wolf*, 227 A.3d 872 (Pa. 2020) (no First Amendment violation).

12. The decisions in these other cases give rise to a "reasonable possibility" that the Defendants may prevail on appeal.

13. In its opinion, the Court overlooked testimony that the Administration does not plan to reinstate the business closure or stay at home orders, resulting in Plaintiffs' claims being merely speculative and inappropriate for declaratory relief. *See Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 649 (3d Cir. 1990) (declaratory judgment is not a vehicle to obtain "an opinion advising what the law would be upon a hypothetical state of facts"). Likewise, a "declaratory judgment is inappropriate solely to adjudicate past conduct." *Corliss v. O'Brien*, 200 F. App'x 80, 84–85 (3d Cir. 2006).

14. In its opinion, the Court does not consider the manner in which COVID-19 is spread or the rationale for adopting the congregate limits.

15. Given the difficult legal questions, as reflected by a split in authority, and the extraordinary circumstances, including that there exists a public health crisis rendering this a matter of life or death, a stay is appropriate to preserve the *status quo* pending review by the Third Circuit. *See First Amendment Coal*, 584 F. Supp. at 638 ("If I am satisfied that there is a reasonable possibility—albeit not a probability—that I was in error, it seems to me that the equities would then shift strongly towards granting a stay"); *Combustion Sys. Servs., Inc. v. Schuylkill Energy Resources, Inc.,* 153 F.R.D. 73, 74 (E.D. Pa.1994) ("although the Court will not concede that it committed error, this Court cannot conclude that Plaintiff has no reasonable possibility of success on the merits of its ... appeals"); *Cayuga Indian Nation of N.Y. v. Pataki,* 188 F.Supp.2d 223, 253 (N.D.N.Y. 2002) ("[B]ecause of the difficulties of the issues ... presented, it would be foolhardy to predict that there is no likelihood of success on appeal") (internal quotation marks omitted).

16. The split in authority created by the Court's opinion makes it difficult, if not impossible, for Defendants to manage the pandemic effectively and has created confusion and uncertainty throughout Pennsylvania.

17. Any harm that a stay may cause Plaintiffs is greatly outweighed by the public harm that will result if a stay is denied.

18. The virus still exists and continues to infect hundreds of Pennsylvanians each day.[1]

19. Suddenly abandoning the large gathering limitations will allow the virus to freely spread throughout the Commonwealth. This risk of harm to the public outweighs any harm to Plaintiffs.

20. A stay will allow life-saving mitigation tools to remain in place while the Third Circuit reviews this matter.

21. The contents of this motion have been disclosed to Plainitffs' counsel and they do not concur.

22. Defendants have contemporaneously filed a brief in support of this motion more fully setting forth the basis for the relief sought.

WHEREFORE, Defendants respectfully request that this Court stay its September 14, 2020, Order pending appeal.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   */s/ Karen M. Romano*

KAREN M. ROMANO
Chief Deputy Attorney General
Chief, Litigation Section
Pa. Bar # 88848

Office of Attorney Genreal
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA  17120
Phone: (717) 787-2717
kromano@attorneygeneral.gov
DATE:  September 16, 2020

---

[1] "COVID-19 Data for Pennsylvania," Pa. Dept. of Health, https://www.health.pa.gov/topics/disease/coronavirus/Pages/Coronavirus.aspx (last visited 9/15/20).

## CERTIFICATE OF SERVICE

I, Karen M. Romano, Chief Deputy Attorney General, do hereby certify that I have this day served the foregoing Defendants' Motion to Stay September 14, 2020, Order, via ECF, on the following:

Thomas W. King, III, Esquire
Ronald T. Elliott, Esquire
Thomas E. Breth, Esquire
Jordan P. Shuber, Esquire
DILLON MCCANDLESS KING COULTER & GRAHAM LLP
tking@dmkcg.com
relliott@dmkcg.com
tbreth@dmkcg.com
jshuber@dmkcg.com

Robert Eugene Grimm, Esquire
SOLICITOR OF COUNTY OF GREEN
rgrimm@co.greene.pa.us

*/s/ Karen M. Romano*

KAREN M. ROMANO
Chief Deputy Attorney General

DATE: September 16, 2020