# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY OF BUTLER, *et al.*, | ) |
|     Plaintiffs, | ) |
|     v. | ) |
| THOMAS W. WOLF, in his official capacity as Governor of the Commonwealth of Pennsylvania, and RACHEL LEVINE, MD, in her official capacity as Secretary of the Pennsylvania Department of Health, | ) No. 2:20-cv-677-WSS ) ) ) ) ) *Complaint Filed 5/7/2020* |
|     Defendants. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BY *AMICUS CURIAE* EAGLE FORUM EDUCATION & LEGAL DEFENSE FUND

LAWRENCE J. JOSEPH, D.C. Bar #464777
Law Office of Lawrence J. Joseph
1250 Connecticut Ave. NW, Suite 700-1A
Washington, DC 20036
(202) 355-9452
ljoseph@larryjoseph.com

*Counsel for Eagle Forum Education & Legal Defense Fund*

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................................ ii
Table of Authorities ........................................................................................................................... iii
Identity and Interest of *Amicus Curiae* ........................................................................................... 1
Introduction ....................................................................................................................................... 1
Statement of Facts ............................................................................................................................. 1
Standard of Review ........................................................................................................................... 2
Argument ........................................................................................................................................... 3
I. The Defendants are unlikely to prevail on the merits. ......................................................... 3
    A. Far from staying this Court's judgment, the Court should enter an injunction against the Defendants. ................................................................... 3
        1. The Congregation Restrictions impermissibly constrain vital First Amendment freedoms during an election. ............................................ 3
        2. The Defendants' Congregation Restrictions are ongoing. ........................... 5
        3. Courts may issue injunctive relief incident to a declaratory judgment. ....................................................................................................... 5
    B. The Defendants' arguments for their prevailing are baseless. ................................ 6
        1. The *Benner*, *Friends of Danny DeVito*, and *Paradise Concepts* courts do not bind these parties or this Court ............................... 6
        2. The *Benner*, *Friends of Danny DeVito*, and *Paradise Concepts* decisions are distinguishable or inapposite. ................................ 7
II. The other stay criteria tip in the Plaintiffs' favor. ................................................................ 8
    A. The Defendants' actions undermine a claim of irreparable harm. .......................... 8
    B. The balance of the equities favors the Plaintiffs. ...................................................... 8
    C. The public interest favors the Plaintiffs. ................................................................... 8
Conclusion .......................................................................................................................................... 9

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................................ ii
Table of Authorities ........................................................................................................................... iii
Identity and Interest of *Amicus Curiae* ........................................................................................... 1
Introduction ....................................................................................................................................... 1
Statement of Facts ............................................................................................................................. 1
Standard of Review ........................................................................................................................... 2
Argument ........................................................................................................................................... 3
I. The Defendants are unlikely to prevail on the merits. ......................................................... 3
    A. Far from staying this Court's judgment, the Court should enter an injunction against the Defendants. ................................................................... 3
        1. The Congregation Restrictions impermissibly constrain vital First Amendment freedoms during an election. ............................................ 3
        2. The Defendants' Congregation Restrictions are ongoing. ........................... 5
        3. Courts may issue injunctive relief incident to a declaratory judgment. ....................................................................................................... 5
    B. The Defendants' arguments for their prevailing are baseless. ................................ 6
        1. The *Benner*, *Friends of Danny DeVito*, and *Paradise Concepts* courts do not bind these parties or this Court ............................... 6
        2. The *Benner*, *Friends of Danny DeVito*, and *Paradise Concepts* decisions are distinguishable or inapposite. ................................ 7
II. The other stay criteria tip in the Plaintiffs' favor. ................................................................ 8
    A. The Defendants' actions undermine a claim of irreparable harm. .......................... 8
    B. The balance of the equities favors the Plaintiffs. ...................................................... 8
    C. The public interest favors the Plaintiffs. ................................................................... 8
Conclusion .......................................................................................................................................... 9

# **TABLE OF AUTHORITIES**

## **CASES**

*ACLU v. Ashcroft*,
　322 F.3d 240 (3d Cir. 2003)......................................................................................................8

*Am. Elec. Power Co. v. Connecticut*,
　564 U.S. 410 (2011).................................................................................................................6

*Baker v. General Motors Corp.*,
　522 U.S. 222 (1998).................................................................................................................6

*Benner v. Wolf*,
　2020 WL 2564920 (M.D. Pa. May 21, 2020)....................................................................... 6-7

*California v. Grace Brethren Church*,
　457 U.S. 393 (1982).................................................................................................................5

*Cooper Indus., Inc. v. Aviall Serv., Inc.*,
　543 U.S. 157 (2004)............................................................................................................ 6-7

*Elrod v. Burns*,
　427 U.S. 347 (1976).................................................................................................................8

*Friends of Danny DeVito v. Wolf*,
　227 A.3d 872 (Pa. 2020) ...................................................................................................... 6-7

*Hollingsworth v. Perry*,
　558 U.S. 183 (2010).................................................................................................................3

*League of Women Voters of the United States v. Newby*,
　838 F.3d 1 (D.C. Cir. 2016).....................................................................................................8

*Paradise Concepts, Inc. v. Wolf*,
　No. 20-2161, 2020 WL 5121345 (E.D. Pa., Aug. 31, 2020) ............................................. 6-7

*Reed v. Town of Gilbert*,
　576 U.S. 155 (2015).................................................................................................................4

*Rhodes v. Stewart*,
　488 U.S. 1 (1988).....................................................................................................................5

*Samuels v. Mackell*,
　401 U.S. 66 (1971)...................................................................................................................5

*Surrick v. Killion*,
　449 F.3d 520 (3d Cir. 2006).....................................................................................................6

*Univ. of Texas v. Camenisch*,
　451 U.S. 390 (1981).................................................................................................................7

*Ward v. Rock Against Racism*,
　491 U.S. 781 (1989).................................................................................................................4

*Washington v. Reno*,
    35 F.3d 1093, 1103 (6th Cir. 1994) ..............................................................................8

*Waters v. Churchill*,
    511 U.S. 661, 678 (1994).......................................................................................... 6-7

*Williams v. Rhodes*,
    393 U.S. 23, 30-31 (1968) ............................................................................................4

*Winter v. Natural Resources Def. Council, Inc.,*
    555 U.S. 7, 20 (2008)............................................................................................ 3, 7-8

## STATUTES

U.S. CONST. amend. I................................................................................................ 1, 3-4, 7-8

28 U.S.C. § 2202.............................................................................................................................5

## RULES AND REGULATIONS

FED. R. APP. P. 29(a)(4)(E) ........................................................................................................1

## OTHER AUTHORITIES

Randy Barnett, *The Disdain Campaign*, 126 HARV. L. REV. 1 (2012).............................................4

Cate Barron, *'Battleground PA' puts spotlight on 2020 race*, PATRIOT NEWS,
    Nov. 03, 2019, at B-3..................................................................................................2

Frances Mulraney & Emily Goodin, *President Donald Trump tears into Joe Biden's
    'rally' by posting a picture of an empty hall and says it has 'zero enthusiasm'
    as fans line up in Tulsa ahead of his own campaign event*, DAILY MAIL,
    June 19, 2020 ..............................................................................................................2

Kristinn Taylor, *President Trump and Supporters Energized After Marathon
    Fayetteville Rally*, THE GATEWAY PUNDIT, Sept. 20, 2020 .................................................2

## IDENTITY AND INTEREST OF *AMICUS CURIAE*

*Amicus curiae* Eagle Forum Education & Legal Defense Fund ("EFELDF"), a nonprofit corporation headquartered in Saint Louis, Missouri, files this brief with the consent of the parties.[1] Since its founding in 1981, EFELDF has consistently defended not only the Constitution's federalist structure, but also its limits on both state and federal power. In the context of the integrity of the elections on which the Nation bases its political community, EFELDF has long supported robust protection of speech under the First Amendment and efforts to maximize voter confidence in the electoral process. For all the foregoing reasons, EFELDF has a direct and vital interest in the issues before this Court.

## INTRODUCTION

Pennsylvania's Governor and Secretary of Health (collectively, "Defendants") have issued a series of orders to respond to the COVID-19 pandemic. As relevant here, the orders fall into three categories: business-closure orders, stay-home orders, and congregation-restriction orders. Three sets of plaintiffs – Pennsylvania counties, business, and elected officials (collectively, "Plaintiffs") – challenged these three sets of restrictions under Due Process, the Takings Clause, Equal Protection, and the First Amendment. *Amicus* EFELDF focuses only on Count V – the First Amendment challenge – and only the restrictions of congregations of 25 persons for indoor gatherings and 250 persons for outdoor gatherings (hereinafter, the "Congregation Restrictions").

## STATEMENT OF FACTS

EFELDF adopts the facts as stated by the Plaintiffs and by the Court. In particular,

---

[1] Consistent with FED. R. APP. P. 29(a)(4)(E), counsel for movant and *amicus curiae* authored the motion and brief in whole, and no counsel for a party authored the motion or brief in whole or in part, nor did any person or entity, other than the movant/*amicus* and its counsel, make a monetary contribution to preparation or submission of the motion or brief.

1

EFELDF relies on the fact that Defendants violated their own Congregation Restrictions for mass congregations in support of their political agenda: "the record unequivocally shows that Defendants have permitted protests, and that the Governor participated in a protest which exceeded the limitation set forth in his order and did not comply with other restrictions mandating social distancing and mask wearing." *See* Opinion at 23 (ECF #79).

In the context of the current presidential election, with its twenty Electoral College votes, Pennsylvania is a prominent "swing" or "battleground" state that might decide the election. Cate Barron, *'Battleground PA' puts spotlight on 2020 race*, PATRIOT NEWS, Nov. 03, 2019, at B-3. Moreover, the Republican candidate engages in large, enthusiastic rallies when compared with the Democrat candidate. *See*, *e.g.*, Frances Mulraney & Emily Goodin, *President Donald Trump tears into Joe Biden's 'rally' by posting a picture of an empty hall and says it has 'zero enthusiasm' as fans line up in Tulsa ahead of his own campaign event*, DAILY MAIL, June 19, 2020. Those crowds easily violate the 250-person limit in the Congregation Restrictions, as shown by photographs and video of a rally in Fayetteville, North Carolina, on September 19, 2020. Kristinn Taylor, *President Trump and Supporters Energized After Marathon Fayetteville Rally*, THE GATEWAY PUNDIT, Sept. 20, 2020.[2] As a factual matter, then, the Congregation Restrictions clearly prevent President Trump from holding Pennsylvania rallies like the ones he has held across the country in both the 2016 and 2020 elections, including a rally three days ago in North Carolina.

## STANDARD OF REVIEW

To warrant interim relief such as a preliminary injunction or a stay, the movants must

---

[2]    Photographs and video available at https://www.thegatewaypundit.com/2020/09/amazing-president-trump-supporters-energized-marathon-fayetteville-rally-video/ (last visited Sept. 21, 2020).

establish that they likely will succeed on the merits and likely will suffer irreparable harm without interim relief, that the balance of equities between their harm in the absence of interim relief and the defendants' harm from interim relief favors the movants, and that the public interest favors interim relief. *Winter v. Natural Resources Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010).

## ARGUMENT

### I. THE DEFENDANTS ARE UNLIKELY TO PREVAIL ON THE MERITS.

The first – and most important – *Winter* factor is the likelihood of movants' prevailing. *Winter,* 555 U.S. at 20. As the Defendants implicitly admit, the Defendants are less than 50% likely to prevail. *See* Defs.' Memo. at 4 (ECF #85). By implication, the Plaintiffs are more than 50% likely to prevail. Plaintiffs chose to seek an expedited declaratory judgment but could have moved for a preliminary injunction. In a sense, the mirror image of the Defendants' motion for a stay would be a Plaintiffs' motion for a preliminary injunction. Had the Plaintiffs so moved, they – not the Defendants – would be the party likely to prevail.

#### A. Far from staying this Court's judgment, the Court should enter an injunction against the Defendants.

Because the Plaintiffs are more likely to prevail on the merits than the Defendants, *see* Sections I.A.1, I.B, *infra*, and the equities and public interest tip in Plaintiffs' favor, *see* Section II, *infra*, this Court should not stay its judgment. Quite the contrary, if anything, this Court could issue a show-cause order why the Court should not issue interim or final injunctive relief *against* the Defendants.

##### 1. The Congregation Restrictions impermissibly constrain vital First Amendment freedoms during an election.

While *amicus* EFELDF concurs with this Court's analysis of the Congregation Restrictions assuming that intermediate scrutiny applied, *amicus* EFELDF respectfully submits that strict

3

scrutiny should apply: The Defendants allow Defendant-sanctioned protests, which makes the Congregation Restrictions a content-based restriction of First Amendment activity. Under either the Court's intermediate-scrutiny analysis or a strict-scrutiny analysis, the Congregation Restrictions must fail.

The Court deemed the Congregation Restrictions a content-neutral regulation of First Amendment activity:

> The Court does not doubt Ms. Boateng's position, that the Governor and Secretary have made comments seemingly permitting protests or justifying the Governor's personal participation in them, but even under their broad emergency powers, Defendants cannot govern by comment. Rather, they are bound by the language of their orders. Those orders make no allowance for protests. As such, the orders apply to all expressive gatherings, across the board. To that end, they are content-neutral.

Opinion at 28 (ECF #79). While the Defendants' orders themselves make no exception for protests, the Defendants made exceptions for protests in which the Defendants participated. This type of "restraint for thee, but not for me," Randy Barnett, *The Disdain Campaign*, 126 HARV. L. REV. 1, 11 (2012), is inappropriate in any context. In the First Amendment area, however, it is a content-based restriction that triggers strict scrutiny: "A law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." *Reed v. Town of Gilbert*, 576 U.S. 155, 165 (2015); *Williams v. Rhodes*, 393 U.S. 23, 30-31 (1968) (strict scrutiny for equal-protection violations that impair "the right of individuals to associate for the advancement of political beliefs"). As such, the Congregation Restrictions are not neutral with an incidental effect on some speech under *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). The Congregation Restrictions are a far more pernicious ban on all political associations not sanctioned by the Defendants. While that should implicate strict scrutiny, that is a distinction without a difference here because the Congregation Restrictions fail intermediate scrutiny for lack of narrow tailoring.

4

Opinion at 29-32 (ECF #79). As such, the Congregation Restrictions obviously also fail strict scrutiny. Simply put, the Defendants have no cognizable interest in suppressing core political speech like President Trump's rallies while allowing events like the "Spring Carlisle" auto show and flea market and, more importantly, Defendant-supported protests. See Opinion at 23, 30 (ECF #79).

### 2. The Defendants' Congregation Restrictions are ongoing.

In a footnote, the Defendants cryptically argue that "declaratory judgment is inappropriate solely to adjudicate past conduct." Defs.' Memo. at 7 n.4 (quoting *Corliss v. O'Brien*, 200 F. App'x 80, 84–85 (3d Cir. 2006)) (ECF #85). Presumably, the Defendants refer here to the paused nature of the other two restrictions because the Congregation Restrictions are ongoing. "The real value of the judicial pronouncement – what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion – is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*." *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (quoting *Hewitt v. Helms*, 482 U.S. 755, 761 (1987)) (emphasis in *Hewitt*)). While *amicus* EFELDF concurs with the Court's finding that the other two restrictions remain live controversies, the Defendants' past-conduct argument is inapposite to the Congregation Restrictions.

### 3. Courts may issue injunctive relief incident to a declaratory judgment.

Although "there is little practical difference between injunctive and declaratory relief," *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982), the Declaratory Judgment Act provides that after a declaratory judgment is issued a court may enforce that judgment by granting "further necessary or proper relief." 28 U.S.C. § 2202; *accord Samuels v. Mackell*, 401 U.S. 66, 72 (1971). Given that the balance of the equities favors the Plaintiffs, *see* Section II, *infra*, that the Plaintiffs are more likely to prevail than the Defendants, *see* Section I.A.1, *supra*, and that a stay is merely mirror image of a preliminary injunction, *amicus* EFELDF respectfully submits that any

5

equitable relief should go *in Plaintiffs' favor*.

      **B.    <u>The Defendants' arguments for their prevailing are baseless.</u>**

The Defendants rely on the decisions of other courts on the Defendants' actions. *See* Defs.' Memo. at 5 (ECF #85) (citing *Benner v. Wolf*, 2020 WL 2564920 (M.D. Pa. May 21, 2020); *Friends of Danny DeVito v. Wolf*, 227 A.3d 872 (Pa. 2020); *Paradise Concepts, Inc. v. Wolf*, No. 20-2161, 2020 WL 5121345, *3 (E.D. Pa., Aug. 31, 2020)). As explained below, these decisions do not call into question – much less undermine – the Plaintiffs' likelihood of prevailing. Indeed, the fact that the Defendants' policies survived judicial review in other courts is irrelevant here for two reasons. First, the decisions in those courts do not bind either this Court or the parties here. Second, the decisions are either distinguishable or wholly inapposite.

           **1.    <u>The *Benner*, *Friends of Danny DeVito*, and *Paradise Concepts* courts do not bind these parties or this Court.</u>**

At the outset, the decisions in *Benner*, *Friends of Danny DeVito*, and *Paradise Concepts* courts are not binding precedent. *Surrick v. Killion*, 449 F.3d 520, 535 (3d Cir. 2006) ("decisions of the Pennsylvania Supreme Court do not bind this Court with respect to federal law"); *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 428 (2011) ("federal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court"). And "[i]n no event … can issue preclusion be invoked against one who did not participate in the prior adjudication." *Baker v. General Motors Corp.*, 522 U.S. 222, 237-38 & n.11 (1998). Moreover, to the extent that Plaintiffs here raise arguments that the *Benner*, *Friends of Danny DeVito*, and *Paradise Concepts* parties did not raise, those decisions are not even very compelling: "cases cannot be read as foreclosing an argument that they never dealt with." *Waters v. Churchill*, 511 U.S. 661, 678 (1994) (plurality); *accord Cooper Indus., Inc. v. Aviall Serv., Inc.*, 543 U.S. 157, 170 (2004). Under these various strands of authority, the *Benner*, *Friends of Danny*

6

*DeVito*, and *Paradise Concepts* decisions do not compel this Court to follow those decisions.

        **2.**     **The *Benner*, *Friends of Danny DeVito*, and *Paradise Concepts* decisions are distinguishable or inapposite.**

But even if this Court looks to the *Benner*, *Friends of Danny DeVito*, and *Paradise Concepts* decisions for guidance, those decisions do not provide relevant assistance to this Court for resolving the First Amendment issues raised by Count V.

*Benner* includes a First Amendment challenge, but it lacked the selective-enforcement aspect of the Defendants' making exceptions for protests that the Defendants support. *Benner*, 2020 U.S. Dist. LEXIS 89425, at *18-19, *21-22. Further, *Benner* was decided at the temporary-restraining-order ("TRO") phase. *Id.* at *1-2. Both factors undermine *Benner*. First, *Benner* did not consider – and so did not decide – the selective-enforcement issue. *Waters*, 511 U.S. at 678; *Cooper Indus.*, 543 U.S. at 170. Second, the issue before a court on a motion for a preliminary injunction is the plaintiff's *likelihood* of prevailing on the merits, *Winter, Inc.*, 555 U.S. at 20, which is decidedly not the same thing as *prevailing* on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The fact that the *Benner* court did not issue a TRO does not mean that the *Benner* plaintiffs will not prevail on the merits.

Like *Benner*, *Friends of Danny DeVito* did not consider the selective-enforcement issue in its First Amendment analysis. *Friends of Danny DeVito*, 227 A.3d at 902-03 (Pa. 2020). As such, *Friends of Danny DeVito* neither considered nor decided that issue. *Waters*, 511 U.S. at 678; *Cooper Indus.*, 543 U.S. at 170. As such, *Friends of Danny DeVito* presents little to commend itself here with respect to the Congregation Restrictions.

Finally, *Paradise Concepts* concerns substantive due process, *Paradise Concepts*, 2020 WL 5121345, at *3, which is not relevant to the Congregation Restrictions. As such, *Paradise Concepts* presents little to commend itself here with respect to the Congregation Restrictions.

7

## II.   THE OTHER STAY CRITERIA TIP IN THE PLAINTIFFS' FAVOR.

Given Plaintiffs' strong likelihood of prevailing on the merits, this Court should not grant the Defendants' motion for a stay, even without resort to the remaining three *Winter* factors. In any event, each additional *Winter* factor supports denying the stay. Because the Plaintiffs qualify for a preliminary injunction under the *Winter* factors, the Defendants cannot qualify for a stay.

### A.   The Defendants' actions undermine a claim of irreparable harm.

The second *Winter* factor concerns the irreparable harm that a movant would suffer, absent the stay. *Winter,* 555 U.S. at 20. The Defendants' injuries do not appear irreparable, both because the Defendants did not narrowly tailor their policy in the first instance, Opinion at 29-32 (ECF #79), and because the Defendants allowed exemptions such as the Carlisle event and Defendant-backed protests. *See id*. at 23, 30.

### B.   The balance of the equities favors the Plaintiffs.

The third *Winter* factor is the balance of equities. *Winter,* 555 U.S. at 20. The Congregation Restrictions cause First Amendment injuries, and "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976). And that irreparable harm particularly acute in this election season.

### C.   The public interest favors the Plaintiffs.

The last *Winter* factor – the public interest, *Winter,* 555 U.S. at 20 – also favors the Plaintiffs. Where the parties dispute the lawfulness of government programs, this public interest can collapse into the merits. *ACLU v. Ashcroft*, 322 F.3d 240, 247 (3d Cir. 2003) ("the public interest [is] not served by the enforcement of an unconstitutional law") (interior quotation omitted); *Washington v. Reno*, 35 F.3d 1093, 1103 (6th Cir. 1994); *League of Women Voters of the United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) ("no public interest in the perpetuation of unlawful [government] action"). The fourth *Winter* factor thus merges with the merits, which favors the

8

Plaintiffs. *See* Section I, *supra*. Moreover, and as indicated, this factor takes on special importance during the election season.

## CONCLUSION

For the foregoing reasons and those cited by the Plaintiffs, this Court should deny the Defendants' motion to stay the Court's judgment on the Congregation Restrictions.

Dated: September 21, 2020

Respectfully submitted,

/s/ Lawrence J. Joseph
Lawrence J. Joseph, D.C. Bar No. 464777
1250 Connecticut Av NW Suite 700-1A
Washington, DC 20036
Telephone: (202) 355-9452
Facsimile: (202) 318-2254
ljoseph@larryjoseph.com

*Counsel for Eagle Forum Education & Legal Defense Fund*