IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COUNTY OF BUTLER, et al., | : | NO. 2:20-cv-677-WSS |
| | : | |
| Plaintiffs, | : | The Hon. William S. Stickman IV |
| | : | |
| vs. | : | District Judge, U.S. District Court for the |
| | : | Western District of Pennsylvania |
| THOMAS W. WOLF, et al., | : | |
| | : | |
| Defendants. | : | |

---

*Response/Brief in Opposition to Defendants' Motion
to Stay September 14, 2020, Order*

---

Thomas W. King, III, Esquire
PA I.D. 21580
tking@dmkcg.com

Thomas E. Breth, Esquire
PA I.D. 66350
tbreth@dmkcg.com

Ronald T. Elliott, Esquire
PA I.D. 71567
relliott@dmkcg.com

Jordan P. Shuber, Esquire
PA I.D. 317823
jshuber@dmkcg.com

Dillon McCandless King
Coulter & Graham, LLP
128 West Cunningham Street
Butler, PA 16001
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COUNTY OF BUTLER, et al., | : | NO. 2:20-cv-677-WSS |
| Plaintiffs, | : | The Hon. William S. Stickman IV |
| vs. | : | District Judge, U.S. District Court for the Western District of Pennsylvania |
| THOMAS W. WOLF, et al., | : | |
| Defendants. | : | |

## RESPONSE/BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY SEPTEMBER 14, 2020, ORDER

AND NOW, come Plaintiffs, County of Butler, et al., by and through their attorneys, Dillon McCandless King Coulter & Graham, LLP, per Thomas W. King, III, Esquire; Ronald T. Elliott, Esquire; Thomas E. Breth, Esquire; and Jordan P. Shuber, Esquire, and file the within Response/Brief in Opposition to Defendants' Motion to Stay this Court's September 14, 2020, Order in this case.

### I. ARGUMENT

At the early stages of this case, the Court ruled upon Plaintiffs' Motion for Speedy Hearing of Declaratory Judgment Action pursuant to Rule 57. *Doc. 15, p. 9, 05/28/20* After determining that declaratory relief was "an appropriate relief for Plaintiffs' allegations of existing and ongoing constitutional violations", the Court further held that an expedited review was warranted because "The First Amendment enshrines the most fundamental rights held by a free people. Expedited review of alleged ongoing infringements of those rights is certainly warranted. Moreover, violations of substantive due process and equal protection that interfere with important or fundamental rights, including the right to operate a legitimate business and/or earn a living, are serious deprivations that could, as Plaintiffs argue, cause continuing, ongoing and perhaps

1

irreparable harm. Expedited review of alleged ongoing infringements of those rights is certainly warranted." *Doc. 15, p. 9.*

In their Motion to Stay September 14, 2020, Order, Defendants seek this Court's permission to further violate the constitutional rights of Plaintiffs' along with other citizens of the Commonwealth of Pennsylvania who have suffered under Defendants' unconstitutional Orders and actions.

It is important to reiterate that although Defendants have and continue to assert that their Orders are intended to impose "life-saving mitigation tools" *Doc. 84, p. 5, ¶ 20*, the record before this Court is completely lacking of any evidence to support such assertions. As part of the speedy hearing, this Court provided the parties with the opportunity to call witnesses; to submit written testimony in the form Affidavits or Declarations; to cross-examine witnesses; to admit documents into the record; and, to file both pre and post-hearing briefs. After two full days of testimony, over eighty (80) exhibits, over twenty (20) supplemental exhibits, and three (3) Rule 201 Judicial Notice Orders, Defendants failed to produce a single expert witness or any other evidence establishing that Defendants' Orders mitigated the spread of COVID-19. Despite the complete lack of evidence, Defendants continue to assert that further constitutional violations are needed to protect the citizens of the Commonwealth of Pennsylvania from themselves. If such assertions were true, surely, Defendants would have been able to produce some expert testimony or evidence in support thereof. None was produced and the time for such unsubstantiated rhetoric has long since passed.

"I know no safe depository of the ultimate powers of the society but the people themselves; and if we think them not enlightened enough to exercise their control with a wholesome discretion, the remedy is not to take it from them, but to inform their discretion by education. This is the true corrective of abuses of constitutional power." *Thomas Jefferson, <u>Letters of Thomas Jefferson</u>*

"Before us is a motion for a stay pending appeal, which, in our Court, is an extraordinary remedy." *Conestoga Wood Spec. Corp. v. Sec'y of U.S. Dep't of Health & Human Servs., 13-1144, 2013 WL 1277419, at 1–2 (3d Cir. Feb. 8, 2013), citing United States v. Cianfrani, 573 F.2d 835, 846 (3d Cir.1978)*. "The standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction which 'is an extraordinary remedy never awarded as of right.'" *Conestoga Wood at 1-2, quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)*. Preliminary injunctive relief requires the party seeking relief to establish "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir.2004)*. An "injunction shall issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *N.J. Hosp. Ass'n v. Waldman, 73 F.3d 509, 512 (3d Cir.1995)*. "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *NutraSweet Co. v. Vit–Mar Enter., Inc.., 176 F.3d 151, 153 (3d Cir.1999)*.

"A request for stay is addressed to the sound discretion of the court." *Harris v. Pernsley, 654 F.Supp. 1057, 1059-60, (E.D.Pa.1987)*, citing, *First Amendment Coalition v. Judicial Inquiry and Review Board,* 584 F.Supp. 635, 637 (E.D.Pa.1984) (Pollak, J.), *vacated and remanded on other grounds,* 784 F.2d 467 (3d Cir.1986) (quoting *Evans v. Buchanan,* 424 F.Supp. 875, 879–80 (D.Del.1976), *aff'd as modified,* 555 F.2d 373 (3d Cir.), *cert. denied,* 434 U.S. 880, 95 S.Ct. 235, 54 L.Ed.2d 160 (1977) (citing *Coppedge v. Franklin County Board of Education,* 293 F.Supp. 356, 362 (E.D.N.C.1968); *Hobson v. Hansen,* 44 F.R.D. 18, 21 (D.D.C.1968), *aff'd in part and rev'd in part,* 408 F.2d 175 (D.C.Cir.1969)).

In the exercise of the court's discretion, the court is to determine whether the movant can establish (1) that he will prevail on the merits of the appeal; (2) that he will suffer irreparable harm if the stay is not granted; (3) that the other party will not suffer irreparable harm if the stay is granted; and, (4) that the public interest will be served by the granting of the stay. *Harris v. Pernsley, 654 F.Supp. 1057, 1059-60, (E.D.Pa.1987)*, further citing, *First Amendment*, 584 F.Supp. at 636 (quoting *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir.1970); *see also Halderman v. Pennhurst State School & Hospital,* 451 F.Supp. 233, 235 (E.D.Pa.1978); *Philadelphia Counsel of Neighborhood Organizations v. Adams,* 451 F.Supp. 114 (E.D.Pa.1978); *Resident Advisory Board v. Rizzo,* 429 F.Supp. 222, 224 (E.D.Pa.1977).

In *Reilly v. City of Harrisburg*, the Third Circuit clarified the application of these four factors in considering a motion for a preliminary injunction. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended,* June 26, 2017. "If these gateway factors [substantial likelihood and irreparable injury] are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly at 79-80*.

The Third Circuit further stated "[i]n the parallel stay-pending-appeal context, where the factors are the same as for the preliminary injunctions, we also follow [this] analytical path." *Id.* at 176 n.2, citing, *In re Revel AC, Inc., 802 F.3d 558, 571 (3d Cir. 2015) ); see also Adams v. Carney, No. 17-cv-181, 2018 WL 3105113, \*3 n.35 (D. Del. June 25, 2018)* ("Although *Reilly* discusses the standard for a preliminary injunction, 'the standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction.'"), quoting, *Conestoga Wood supra \*1*.

In assessing the likelihood of movant's success on appeal, the Court should consider whether its decision was based on uncertain or unsettled legal precedent or areas of the law. As in *Harris*, this Court's September 14, 2020, Opinion and Declaratory Judgment Orders are based upon well settled constitutional legal principals which are clearly articulated in Third Circuit and Supreme Court precedent, as cited by the Court. Further, this Court explained in a lengthy sixty-six (66) page Opinion its analysis of the evidence, its factual findings, its application of those facts to the law and its rationale in holding that the congregate gathering limits imposed by Defendants' mitigation orders violate the right of assembly enshrined in the First Amendment; that the stay-at-home and business closure components of Defendants' orders violate the Due Process Clause of the Fourteenth Amendment; and, that the business closure components of Defendants' orders violate the Equal Protection Clause of the Fourteenth Amendment.

Unlike the cases cited by Defendants in support of their assertion that there is a "split in authority created by the Court's opinion," this Court had a full and complete record before it; the issues before the Court were not preliminary in nature; and, this Court entered its Opinion and Orders based upon the merits of the claims brought by Plaintiffs. Defendants' Rule 54 Motion, or in the alternative, Motion to Certify Issues for Appeal, further illustrates that this Court's Opinion and Orders were based upon the merits of Plaintiffs' claims and constitute final judgments on those claims. As such, Defendants have failed to establish any likelihood of success on appeal.

Defendants argue that they are entitled to a stay and cite legal authority in cases that grant a stay because the District Court viewed the subject decisions as ones that were not certain. *See Defendants' Brief, pages 3-4.* In other words, the District Court Judges expressed some reluctance as to the correctness of the underlying decision. Here, that element is lacking.

Moreover, Defendants primarily rely upon a decision entered by the Pennsylvania Supreme Court (*Friends of Danny DeVito)* and entered by the United States District Court for the Middle District (*Benner)* and the Eastern District (*Paradise Concepts)*. As this Court noted, however, the *Benner* decision "is readily distinguishable because the Court now has the benefit of a developed evidentiary record, which includes specific reasoning and testimony from the parties." *Doc. 80, fn 13.* The same infirmity applies to the *Friends of Danny DeVito* case.

With respect to the second element, whether Defendants have established that they will suffer irreparable harm if the stay is not granted, Defendants assert that "The split in authority created by the Court's opinion makes it difficult, if not impossible, for Defendants to manage the pandemic and has created confusion and uncertainty throughout Pennsylvania." *[Doc. 84, p. 4, ¶ 16]* Once again, Defendants' assertions are without foundation and evidentiary support. When asked on cross-examination whether he was aware of "a single wedding reception or wedding celebration" that has been "identified as a source of the spread of either COVID or the virus, of the SARS virus?", Defendants, via Deputy Chief of Staff, Sam Robinson, testified "I am not aware". *Robinson at 7/22/2020 TR, p. 55.*

Further, when the Court asked Mr. Robinson whether Defendants had any knowledge of "whether there has been any correlation between one of these mega spreading events and any of the protests that were held over the last couple months?", Defendants, via Deputy Chief of Staff, Sam Robinson, testified "I'm not aware specifically. I have not seen sort of press coverage or, you know, CDC information about that. I have not seen information linking a spread specifically to protests … I have not seen coverage or, you know, scientific literature or information along those lines." *Robinson at 7/22/2020 TR, p. 154-55.*

With respect to the third element, whether Plaintiffs will suffer irreparable harm if the stay is granted, the Court addressed this issue when it granted Plaintiffs' Motion for Speedy Hearing of Declaratory Judgment Action pursuant to Rule 57, in stating "… violations of substantive due process and equal protection that interfere with important or fundamental rights, including the right to operate a legitimate business and/or earn a living, are serious deprivations that could, as Plaintiffs argue, cause continuing, ongoing and perhaps irreparable harm. …" *[Doc. 15, p. 9, 05/28/20]* In addition, as cited in the Court's Opinion, Business Plaintiffs, like R.W. McDonald & Sons; Nancy and Mike Gifford; and, Jody and Chris Young, have and will continue to suffer harm if Defendants' unconstitutional Orders remain in place.

With respect to the fourth element, whether the public interest will be served by the granting of the stay, there is no time in our history that the continued infringement upon and violation of the citizens' constitutional rights can be said to further the public's interest. "The strongest public interest is in protection of civil rights guaranteed to all by the Constitution of the United States. Society in general as well as those in custody are severely harmed when persons are held under conditions of confinement that are arguably in violation of the Eighth Amendment." *Harris supra at 1065.* As noted in *Harris*, the strongest public interest is served by protecting the civil rights guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. "The First Amendment enshrines the most fundamental rights held by a free people. Moreover, violations of substantive due process and equal protection that interfere with important or fundamental rights, including the right to operate a legitimate business and/or earn a living, are serious deprivations that could, as Plaintiffs argue, cause continuing, ongoing and perhaps irreparable harm." *[Doc. 15, p. 9, 05/28/20]* These constitutional violations are no less severe and

offensive to the public interest than the confinement of inmate in conditions that are arguably in violation of the Eighth Amendment.

The public interest here certainly does not countenance continued constitutional violations. Indeed, the only argument that Defendants make on this point is Defendants' "effort to protect Pennsylvanians from the virus." As noted herein, there is no evidence in the record that any steps that the Defendants took had any impact on the spread of the virus. Indeed, as this Court plainly noted, "the [congregant] limitations are not narrowly tailored in that they do not address the specific experience of the virus across the Commonwealth." This Court rightly noted the odd methods that Defendants imposed in order to attempt to restrict the spread of the virus, calling the Defendants' creation, a "topsy-turvy world where Plaintiffs are more restricted in areas traditionally protected by the first Amendment than in areas which usually receive far less, if any, protection." *Doc. 80, pp. 31-32*.

With regard to the stay at home orders, this Court already noted the unprecedented and wholly unconstitutional actions of the Defendants when it noted, "Broad population-wide lockdowns are such a dramatic inversion of the concept of liberty in a free society as to be nearly presumptively unconstitutional unless the government can truly demonstrate that they burden no more liberty than is reasonably necessary to achieve an important government end." Here, the Defendants have shown no such limitation. Likewise, regarding the business shutdown orders, this Court recognized that the Defendants' classifications were so objectively deficient that they do not even survive rational basis scrutiny.

Therefore, Defendants have not established that the public interest works in favor of a stay. Indeed, the public interest militates against the granting of a stay.

In addition, there are a growing number of examples of the public's safe participation in events that prior to the Court's Opinion and Orders, would have violated Defendants' unconstitutional Orders. See Saturday, September 19, 2020, Butler Eagle article "Musical Distancing - Butler Golden Tornado Marching Band practices social distancing while playing the School alma mater before Friday's home game."

## II. CONCLUSION

Defendants have failed to establish any of the four elements required to stay this Court's September 14, 2020, Orders. Defendants have failed to establish that they will prevail on the merits of their appeal; that they will suffer irreparable harm if the stay is not granted; that Plaintiffs will not suffer greater harm if the stay is granted; and, that the public interest will be served by the granting of the stay.

For all the reasons set forth herein, Plaintiffs respectfully request this Honorable Court deny Defendants' Motion for Stay of the Court's September 14, 2020, Orders.

Respectfully submitted,

DILLON McCandless KING
COULTER & GRAHAM, LLP

By: /s/Thomas W. King, III, Esquire
/s/Thomas E. Breth, Esquire
/s/Ronald T. Elliott, Esquire
/s/Jordan P. Shuber, Esquire
*Attorneys for Plaintiffs*