## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY OF BUTLER;<br>COUNTY OF FAYETTE;<br>COUNTY OF GREENE;<br>COUNTY OF WASHINGTON;<br>NANCY GIFFORD and MIKE GIFFORD<br>husband and wife, d/b/a<br>DOUBLE IMAGE STYLING SALON;<br>PRIMA CAPELLI, INC., a Pennsylvania<br>Corporation;<br>MIKE KELLY;<br>MARCI MUSTELLO;<br>DARYL METCALFE;<br>TIM BONNER;<br>STEVEN SCHOEFFEL;<br>PAUL F. CRAWFORD, t/d/b/a<br>MARIGOLD FARM;<br>CATHY HOSKINS, t/d/b/a<br>CLASSY CUTS HAIR SALON;<br>R.W. McDONALD & SONS, INC.,<br>STARLIGHT DRIVE-IN, INC., a Pennsylvania<br>Corporation; and<br>SKYVIEW DRIVE-IN, LLC, a Pennsylvania<br>Limited Liability Company,<br><br>    Plaintiffs,<br><br> v.<br><br>THOMAS W. WOLF, in his official capacity as<br>Governor of the Commonwealth of<br>Pennsylvania, and<br>RACHEL LEVINE, MD, in her official<br>capacity as Secretary of the<br>Pennsylvania Department of Health,<br><br>    Defendants. | CIVIL ACTION<br><br>Case No.: 2:20-cv-00677-WSS<br><br>The Hon. William S. Stickman, IV,<br>District Judge<br><br>**BRIEF IN SUPPORT OF MOTION**<br>**FOR ATTORNEYS' FEES**<br><br>*Electronically Filed and Served* |

**BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

Plaintiffs, NANCY GIFFORD and MIKE GIFFORD husband and wife, d/b/a DOUBLE IMAGE STYLING SALON; PRIMA CAPELLI, INC., a Pennsylvania Corporation; MIKE KELLY; MARCI MUSTELLO; DARYL METCALFE; TIM BONNER; STEVEN SCHOEFFEL; PAUL F. CRAWFORD, t/d/b/a MARIGOLD FARM; CATHY HOSKINS, t/d/b/a CLASSY CUTS HAIR SALON; R.W. McDONALD & SONS, INC., STARLIGHT DRIVE-IN, INC., a Pennsylvania Corporation; and SKYVIEW DRIVE-IN, LLC, a Pennsylvania Limited Liability Company (hereafter the "**Prevailing Plaintiffs**")[1], by and through their undersigned counsel, file the within Brief in Support of Motion for Attorneys' Fees, and respectfully state the following:

*Legal Standard*

42 U.S.C.A. § 1988(b), states that "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee." "A plaintiff must be a 'prevailing party' to recover an attorney's fee under § 1988." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in [the] litigation which achieves some of the benefit the parties sought in bringing suit." *Id.*

"[A]wards in favor of prevailing civil rights plaintiffs are virtually obligatory." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001). "Absent 'special circumstances,"…fees should be awarded." *Aware Woman Clinic, Inc. v. City of Cocoa Beach*, 629 F.2d 1146, 1149 (5th Cir. 1980) (citing *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 68 (1980). "[A]n award of relief may be issued by a court following consideration of the merits…[n]othing in the language of § 1988 conditions the District Court's power to award fees

---

[1] Plaintiffs, County of Butler, County of Fayette, County of Greene, and County of Washington were dismissed from the litigation by this Court and are not a parties to the requested relief of this Motion. (ECF Doc. No. 80).

1

on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated." *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 293 (3d Cir. 2016).

Fees awarded under Section 1988 are generally computed under the "lodestar" method, and "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[That] calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services." *Id.*

"Whether or not a litigant agreed to pay a fee and in what amount is not decisive." *Blanchard v. Bergeron*, 489 U.S. 87, 92 (1989) (internal citations omitted). "The criterion for the court is not what the parties agreed but what is reasonable." *Id*. "Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### *Argument*

The Prevailing Plaintiffs prevailed following this Court's consideration of their constitutional claims on the merits. (ECF Doc. Nos. 79 and 80). The Prevailing Plaintiffs submitted their time records along with their Motion (ECF Doc. No. 96-2). The hourly rate was $175.00/hour. The total hours were 776.50.

Pursuant to the analysis in *Hensley*, The Prevailing Plaintiffs' fee is reasonable. The hours reasonable expended on the litigation is also reasonable. The Prevailing Plaintiffs also submitted two affidavits related to the prevailing market rates in the community (ECF Doc. No. 96-3). The affidavits all support the Prevailing Plaintiffs' reasonable hourly rate.

Additionally, the Prevailing Plaintiffs have not provided hours that are excessive or duplicative. *C.f. Maldonado v. Houstoun,* 256 F.3d 181 (3d Cir. 2001). The Prevailing Plaintiffs also adequately demonstrated, with specificity, the amount of time spent on the litigation.

Based upon the foregoing, the Prevailing Plaintiffs respectfully submit that they are entitled to reasonable attorneys' fees.

                                        Respectfully Submitted,

                                        **DILLON MCCANDLESS KING COULTER & GRAHAM, LLP**

Dated:   September 28, 2020         By: /s/ Thomas W. King, III
                                        Thomas W. King, III (21580)
                                        Ronald T. Elliott (71567)
                                        Thomas E. Breth (66350)
                                        Jordan P. Shuber (317823)
                                        128 West Cunningham Street
                                        Butler, PA 16001
                                        (724) 283-2200 (Phone)
                                        (724) 283-2298 (Fax)

                                        Email: tking@dmkcg.com
                                        Email: relliott@dmkcg.com
                                        Email: tbreth@dmkcg.com
                                        Email: jshuber@dmkcg.com

                                        *Counsel for Prevailing Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** was served on all counsel of record via CM/ECF, this 28th day of September, 2020.

/s/ Thomas W. King, III
Thomas W. King, III
