IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COUNTY OF BUTLER,** *et al.*,<br>　　　　　　　　**Plaintiffs**<br><br>　　　　　　v.<br><br>**THOMAS W. WOLF**, in his official capacity as Governor of the Commonwealth of Pennsylvania, and **RACHEL LEVINE, MD**, in her official capacity as Secretary of the Pennsylvania Department of Health,<br>　　　　　　　　**Defendants** | No. 2:20-CV-677-WSS<br><br>*Complaint Filed 5/7/20* |

### UNOPPOSED JOINT MOTION FOR STAY OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

The parties, through their undersigned counsel, respectfully submit the within unopposed Joint Motion for a Stay of Plaintiffs' Motion for Attorneys' Fees and, in support thereof, aver the following:

1. Plaintiffs commenced this action on May 11, 2020 challenging the emergency orders issued by Defendants in response to the COVID-19 pandemic.

2. This Court granted Plaintiffs' Motion for Speedy Hearing with respect to Counts II (Substantive Due Process), IV (Equal Protection) and V (First Amendment) of the Complaint. *Doc. 15.*

3. An evidentiary hearing was conducted on July 17 and 22, 2020, and post-hearing briefs were submitted.

4. On September 14, 2020, this Court issued an Opinion and Order granting Plaintiffs' request for a declaratory judgment. *Doc. 79-80.* Specifically, the Court declared (1) that the congregate gathering limits imposed by Defendants' mitigation orders violate the right of

assembly enshrined in the First Amendment; (2) that the stay-at-home and business closure components of Defendants' orders violate the Due Process Clause of the Fourteenth Amendment; and (3) that the business closure components of Defendants' orders violate the Equal Protection Clause of the Fourteenth Amendment.

5. Defendants appealed the Court's decision to the Third Circuit Court of Appeals on September 22, 2020. *Doc. 92*.

6. The appeal remains pending.

7. On September 28, 2020, Plaintiffs' filed a Motion for Attorneys' Fees and a brief in support. *Doc. 96-97*.

8. This Court has ordered Defendants to respond to Plaintiffs' Motion by October 20, 2020. *Doc. 99*.

9. Section 42 U.S.C. §1988(b) provides, in relevant part, that in "any action or proceeding to enforce" a provision of Section 1983, "the court, *in its discretion*, may allow the prevailing party … a reasonable attorney's fee as part of the costs[.]"  42 U.S.C. §1988(b) (emphasis added).

10. The appeal of a district court's final judgment does not divest the district court of jurisdiction to consider a timely filed fee petition. *See In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, No. 03-3924, 2007 WL 4287393, at *1 (E.D. Pa. Dec. 4, 2007).

11. Although a district court retains jurisdiction to decide an award of attorneys' fees during the appeal, the Commentary to Federal Rule of Civil Procedure 54(d)(2)(B) expressly states that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, *may defer its ruling on the motion, or may deny the motion without prejudice*, directing … a

new period for filing after the appeal has been resolved." Fed.R.Civ.P. 54(d)(2)(B) (1993 Advisory Committee Note).

12. If the Third Circuit reverses the decision of this Court finding the emergency orders at issue are constitutional, Plaintiffs will no longer be a "prevailing party" under §1988(b), and any award of fees will need to be revisited and, in all likelihood, vacated.

13. Conversely, if the Third Circuit upholds the decision of this Court, Plaintiffs will likely seek to submit a revised Motion for Attorneys' Fees requiring additional briefing by the parties and a second decision by the Court.

14. A stay would honor judicial economy and finality and ensure that the parties and this Court need only address this issue one time after the final outcome of the case is known.

WHEREFORE, the parties respectfully request that this Court stay Plaintiffs' Motion for Attorneys' Fees, and all deadlines related thereto, pending the resolution of the appeal by the Third Circuit.

Respectfully submitted,

| | |
|---|---|
| JOSH SHAPIRO<br>Attorney General | Dillan McCandless King Coulter & Graham LLP |
| | By: */s/ Thomas E. Breth* |
| By: */s/ Karen M. Romano* | Thomas W. King, III (PA ID 21580) |
| KAREN M. ROMANO (PA ID 88848) | Thomas E. Breth (PA ID 66350) |
| Chief Deputy Attorney General | Ronald T. Elliott (PA ID 71567) |
| Chief, Litigation Section | Jordan P. Shuber (PA ID 317823) |
| 15th Floor, Strawberry Square | 128 West Cunningham Street |
| Harrisburg, PA 17120 | Butler, PA 16001 |
| Phone: (717) 787-2717 | Phone: (724) 283-2200 |
| kromano@attorneygeneral.gov | tking@dmkcg.com |
| | tbreth@dmkcg.com |
| | relliott@dmkcg.com |
| Date: October 15, 2020 | jshuber@dmkcg.com |

3

## CERTIFICATE OF SERVICE

I, Karen M. Romano, Chief Deputy Attorney General, do hereby certify that I have this day served the foregoing **Unopposed Joint Motion for Stay of Plaintiffs' Motion for Attorneys' Fees**, via ECF, on the following:

Thomas W. King, III, Esquire
Ronald T. Elliott, Esquire
Thomas E. Breth, Esquire
Jordan P. Shuber, Esquire
DILLON MCCANDLESS KING COULTER & GRAHAM LLP
tking@dmkcg.com
relliott@dmkcg.com
tbreth@dmkcg.com
jshuber@dmkcg.com

Robert Eugene Grimm, Esquire
SOLICITOR OF COUNTY OF GREEN
rgrimm@co.greene.pa.us


*/s/ Karen M. Romano*

KAREN M. ROMANO
Chief Deputy Attorney General

DATE:  October 15, 2020